### PEOPLE v. BUMPUS.

1. CRIMINAL LAW—FELONY—PLEA OF GUILTY—DUTY OF JUDGE.
   A circuit judge has a duty, when a plea of guilty to felony is made, to satisfy himself that the plea was made freely, with knowledge of its consequences, and without undue influence or promise of leniency (CL 1948, § 768.35; Court Rule No 35A, added in 1947).

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5, 6] 14 Am Jur, Criminal Law §§ 270, 271.
[4] 14 Am Jur, Criminal Law § 167.

2. SAME—FELONY—PLEA OF GUILTY—EXAMINATION BY JUDGE.

> The form and manner of the examination which the circuit judge must make of the person before him who pleads guilty to felony charge is not prescribed but is left to the discretion of the judge to be exercised by him in the manner best suited to the parties and offense (CL 1948, § 768.35; Court Rule No 35A, added in 1947).

3. SAME—ROBBERY UNARMED—PLEA OF GUILTY—INVESTIGATION BY JUDGE.

> Record on appeal from denial of delayed motion for a new trial of person who pleaded guilty to charge of robbery unarmed *held,* to show that circuit judge investigated to determine whether the plea had been made freely, with knowledge of its consequences and without undue influence or promise of leniency, and was satisfied, as required (CL 1948, § 768.35; Court Rule No 35A, added in 1947).

4. SAME—RIGHT TO COUNSEL.

> One accused of crime has the right to counsel.

5. SAME—FELONY—PLEA OF GUILTY—INVESTIGATION BY JUDGE.

> There can be no assumption that the defendant acted in ignorance or under compulsion in entering a plea of guilty to felony charged, where it affirmatively appears from the record that the circuit judge made inquiry to satisfy himself that such plea expressed the real desire of the defendant (CL 1948, § 768.35; Court Rule No 35A, added in 1947).

6. SAME—DELAYED MOTION FOR NEW TRIAL—FELONY—PLEA OF GUILTY—INVESTIGATION BY JUDGE.

> It was not error for trial court to deny defendant's delayed motion for new trial, where trial judge had investigated and satisfied himself that defendant's plea of guilty to charge of robbery unarmed was knowingly and freely made and it appears that defendant was sentenced, paroled, returned for violation of parole and then decided he had been unjustly charged, accused and sentenced (CL 1948, § 768.35; Court Rule No 35A, added in 1947).

Appeal from Lenawee; Martin (Rex B.), J. Submitted January 15, 1959. (Docket No. 60, Calendar No. 47,771.) Decided February 19, 1959.

Charles Bumpus pleaded guilty to robbery unarmed. Subsequently he filed delayed motion for new trial. Motion denied. Affirmed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Kenneth B. Glaser, Jr.,* Prosecuting Attorney, for the people.

*Michael John Mitchell,* for defendant.

SMITH, J. Upon leave granted we review the denial of the circuit court for the county of Lenawee of defendant's delayed motion for a new trial. Appellant asserts that he was denied his constitutional safeguards in a criminal prosecution. He states that, without counsel, and after intimidation and promises of leniency, he pleaded guilty to a charge of robbery unarmed, not realizing the nature of the charge. The trial court, he urges, "was concerned only with the assumed guilt of the accused," and not "with the requirements of due process of law." In particular it is asserted that the trial court ignored the requirements of CL 1948, § 768.35 (Stat Ann § 28.1058), and of Court Rule No 35A (1945)* requiring in cases of felony as follows:

"Sec. 1. Arraignment. If the accused is not represented by counsel upon arraignment, before he is required to plead the court shall advise the accused that he is entitled to a trial by jury and to have counsel, and that in case he is financially unable to provide counsel the court will, if accused so requests, appoint counsel for him. If the accused states he will procure counsel or requests that counsel be appointed, a reasonable time thereafter shall be allowed for counsel to consult with the accused before his plea shall be taken.

_____
* Added June, 1947. 318 Mich xxxix.—REPORTER.

"Sec. 2. Imposing sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequences of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted."

The record before us discloses that appellant was first brought before the court for arraignment upon February 27, 1956, at which time the following occurred:

"*Mr. Betz* [Prosecuting Attorney]: I am going to read this information to you. This is what you stand charged with here in court today, Mr. Bumpus.

(Thereupon, Mr. Betz proceeded to read aloud to the respondent the information filed in this cause.)

"*The Court:* How old are you, Mr. Bumpus?

"*Respondent Bumpus:* 21.

"*The Court:* . Have you ever been before any circuit court on a felony warrant before?

"*Respondent Bumpus:* No, sir.

"*The Court:* Do you understand under our statute you don't have to say a word if you don't want to?

"*Respondent Bumpus:* Yes, sir.

"*The Court:* Do you understand you have the right to have this matter tried by a jury if you want a jury trial?

"*Respondent Bumpus:* Yes, sir.

"*The Court:* You understand you have the right to have an attorney to represent you if you want counsel?

"*Respondent Bumpus:* Yes, sir.

"*The Court:* Do you understand if you don't have money that you should request the court for counsel

now and if you don't have money to pay for one it is the court's duty to appoint one for you?

"*Respondent Bumpus:* Yes, sir.

"*The Court:* You understand this charge?

"*Respondent Bumpus:* Yes.

"*The Court:* How do you plead to it?

"*Respondent Bumpus:* Stand mute.

"*The Court:* All right, the court will enter a plea of not guilty. You should get an attorney and be prepared for trial sometime the last part of March."

Appellant was returned to the bar of the court on March 5, 1956, at which time the record discloses the following colloquy between court and appellant:

"*The Court:* This case is also on the calendar. I think we read the information to you, haven't we, Mr. Bumpus?

"*Respondent Bumpus:* Yes, sir.

"*The Court:* Do you want to have that information read to you again?

"*Respondent Bumpus:* No, sir.

"*The Court:* As I understand, before you stood mute?

"*Respondent Bumpus:* Yes, sir.

"*The Court:* I think we explained to you your rights to an attorney and jury trial?

"*Respondent Bumpus:* Yes, sir.

"*The Court:* You understand this charge?

"*Respondent Bumpus:* Yes, sir.

"*The Court:* How do you plead to it?

"*Respondent Bumpus:* Guilty.

"*The Court:* What did you do, Charles?

"*Respondent Bumpus:* You mean what did I?

"*The Court:* What did you do?

"*Respondent Bumpus:* Well, I helped plan the thing. I mean, before it happened, and I met Larry after it was over and went home with him.

"*The Court:* I don't know a thing about this. What happened? I mean, you're supposed to have stolen or taken some money from Bruce Osburn, not being armed, it says. Just what occurred?"

The details of the crime, as then and later ascertained by the court, were as follows:

"Before this man was sentenced I talked to him at length in chambers on the day of sentence. At that time I found out more of the details of the offense as Mr. Bumpus related them to me.

"Actually they planned to 'roll' this man Osburn. Mr. Bumpus said he didn't want to do the job or go in the car along with him because Mr. Osburn knew him too well and he figured he wouldn't be able to get away with it. Mr. Hatt didn't know him. Mr. Hatt could take him out on a certain back road and do it and get away with it.

"Mr. Bumpus further explained to us after they met, a part of that money received—I don't remember the exact number of dollars they claimed they got—but part of the money received was used by the 2 of them in buying food there. They had a meal at the tavern or the next one.

"Then he claimed all he got out of the thing other than the food was this $3. I do further remember Mr. Hatt claimed very emphatically that Mr. Bumpus got a good deal more than that out of it."

It thus appears affirmatively that appellant was advised of his right to counsel, at public expense, and of his right to trial by jury. He stated at 2 different hearings that he understood the nature of the charge made against him and we think it pertinent to observe, with respect to appellant's understandings, that, although only 21 years of age, he was no stranger to the criminal law and its enforcement. He had been in jail, testified the former sheriff, "according to our records, about 12 to 13 times," for various misdemeanors. He had, in fact, "been trusty at different times around there."

Both our statutes and our court rules, quoted above, require that upon a plea of guilty to an information the judge shall satisfy himself that the

plea was made freely, with knowledge of its consequences, and without undue influence or promise of leniency. The form and manner of this examination by the judge has not been prescribed but is left to the discretion of the judge, to be exercised by him in the manner best suited to the parties and the offense. The topic is discussed with clarity in *People* v. *Coates*, 337 Mich 56. In the case before us it is clear that the trial judge made such investigation, particularly with reference to the accuracy of the charge made, and was satisfied, as required. As a matter of fact the trial court displayed a personal understanding of the appellant's problems and a solicitude for his welfare possible of achievement, normally, only in relatively few cases. Thus we find the following in the record at the time of the sentencing of appellant:

"*The Court:* As I told you back in chambers, Charles, neither Mr. Russell [county probation officer] nor myself get any pleasure out of sentencing anyone to prison here in the State of Michigan.

"We have discussed your case 2 or 3 times including again this morning. Mr. Russell has got a very thorough report on your background and your past history. It indicates from your past history that you drink too much, Charles.

"Even after this particular arrest and the trouble you have been in here, you have been out with some home-brew.

"For the past 4 or 5 years you haven't been out of trouble for a very long period of time at any time. You haven't even attempted to obey the orders of the court relative to supporting your child.  *  *  *

"After you have gone through quarantine, you will have an opportunity to write. You should write your mother frequently. I would like to have you write me, let me know how you are getting along.
*  *  *

"There is the possibility you will have the opportunity to be transferred outside the walls to go into camp, and if you behave yourself, this court will certainly make that recommendation to the prison officials, if you behave yourself you will have the opportunity to be released in about 9 months period of time."

The subsequent developments in the case are stated in the court's opinion in denying the delayed motion for new trial:

"With the court's recommendation he was transferred to a prison camp and he did very well and that he never during that period of time seemed to feel he was being unjustly punished.

"But he was released on parole, and he was doing very well on parole and had a good attitude towards the whole thing and didn't seem to be feeling as though he had been unjustly charged at all.

. "However, he went back into his own ways, his old ways while on parole and returned because of violation of parole after committing another crime.

"And only since that time has he decided that he has been unjustly charged and unjustly accused and unjustly sentenced."

The appellant quotes to us unimpeachable statements of the law, such as that an accused has the right to counsel, and that a plea of guilty must be made knowingly and voluntarily. These principles, it is true, control us. But the appellant has failed utterly in relating the facts of his case to any violation of the principles. The record is devoid of any credible evidence of intimidation or promises. The court was solicitous at all times of defendant's rights and personally satisfied himself of the accuracy of the charge made. We do not lightly disregard the statement in the opinion of the sentencing judge that he conferred with defendant and assured himself that the defendant's plea was know-

ingly and freely made, and we find nothing in the record to impeach such statement. Moreover, "Where it affirmatively appears that the judge made inquiry to satisfy himself that the plea of guilty entered expressed the real desire of the defendant, there can be no assumption that the defendant acted in ignorance or under compulsion." 8 MLP, Criminal Law, § 125, p 155.

We find no error. Affirmed.

DETHMERS, C. J., and CARR, KELLY, BLACK, ED-WARDS, VOELKER, and KAVANAGH, JJ., concurred.