**STATE of Iowa, Appellee,**

v.

**Manley SCHROEDER, Appellant.**

No. 56593.

Supreme Court of Iowa.

May 22, 1974.

Robert J. Pattee, Independence for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., Des Moines, and Walter Saur, County Atty., Oelwein, for appellee.

Submitted to MOORE, C. J., and LeGRAND, REES, UHLENHOPP and McCORMICK, JJ.

PER CURIAM:

Defendant appeals from judgment entered on his plea of guilty to the crime of operating a motor vehicle while under the influence of an alcoholic beverage in violation of § 321.281, The Code.

The record shows the trial court failed completely to ascertain whether defendant entered his guilty plea (1) voluntarily; (2) with an understanding of the charge; or (3) with knowledge of the penal consequences of the plea.

Trial court's acceptance of defendant's plea of guilty which was entered on October 20, 1972, must comport with standards enunciated by this court in State v. Sisco, 169 N.W.2d 542 (Iowa 1969); State v. Abodeely, 179 N.W.2d 347, 352 (Iowa 1970), and citations.

The record before us indicates trial court inquired only into the factual basis for defendant's plea of guilty. There was no inquiry made of defendant insofar as the record discloses relating to his having been advised as to the maximum sentence which the court could impose, defendant was not asked whether he had discussed the penalties with his attorney, and defendant's attorney made no statement in the record that he had advised defendant in this regard. At no time was there any mention made by the court, the prosecutor, defendant's counsel, or defendant himself as to the possible penalty for the crime of operating a motor vehicle while under the influence of an alcoholic beverage.

Since the record fails to disclose defendant had knowledge of both the maximum sentence and his several constitutional rights, we must reverse. See State v. Reppert, 215 N.W.2d 302 (Iowa 1974); State v. Sisco, *supra*.

Reversed.