PEOPLE v MAUCH

Docket No. 56756. Argued March 4, 1976 (Calendar No. 9).—Decided
November 23, 1976. Application for rehearing filed January 10,
1977.

Richard Mauch was convicted in 1962, on his plea of guilty, in
Jackson Circuit Court, John C. Dalton, J., of two charges of
kidnapping. In 1966 the defendant initiated a series of motions
and appeals which resulted in a decision in 1975 by the Court
of Appeals, D. E. Holbrook, P. J., and R. B. Burns and Van
Valkenburg, JJ., reversing the convictions and remanding for
trial on the ground that the element of asportation was not
established in accepting the plea of guilty (Docket Nos. 19193,
19194). The people appeal. *Held:*

1. The record of the defendant's 1962 plea of guilty is prop-
erly evaluated according to the law as it existed at the time the
plea was entered. This record did not violate the requirement
at that time that it must reflect that the accused understood
the offense of which he pled guilty and that the trial court
satisfied itself that the plea was both free and voluntary. There
was then no requirement that the defendant acknowledge his
guilt of every element of the crime on the record.

2. Under the circumstances of this case, failure to inform the
defendant that the maximum sentence for kidnapping is life
imprisonment was not a failure to inform him of the conse-
quences of his plea, and failure to inform him that his plea
waived a trial by jury or court did not create a miscarriage of
justice so as to require reversal of the conviction. At the

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 504–506

[2–4, 6, 8, 9] 21 Am Jur 2d, Criminal Law §§ 485–487

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is being advised thereof. 97
ALR2d 549.

[5] 21 Am Jur 2d, Criminal Law §§ 533, 578.

73 Am Jur 2d, Statutes § 347 *et seq.*

[6, 7] 21 Am Jur 2d, Criminal Law § 442 *et seq.*

Defendant's right to disclosure of presentence reports. 40 ALR3d
681.

[10] 20 Am Jur 2d, Courts § 195.

arraignment 48 hours earlier the defendant was twice informed that he had a right to a jury trial. He was represented by counsel; he was 39 years old at the time of his plea; and he was familiar with criminal proceedings through his previous convictions. He asserted that he freely and voluntarily pled guilty. Furthermore, there are no other aggravating circumstances which would require setting aside the conviction.

3. The defendant was sentenced without the benefit of a presentence report, and first raised this issue in an application for leave to file a delayed motion for new trial on January 19, 1970. The intention of the Court was to give limited retroactivity to the rule of the case holding that sentencing without a presentence report is error, and the rule is construed to apply only to cases pending on timely direct appeal from the trial court or on timely application to the Supreme Court from a decision of the Court of Appeals when it was decided in 1974. The defendant's case was not then pending on direct appeal. The decision of the Court of Appeals is reversed, and the conviction and sentence reinstated.

Reversed.

Justice Levin, joined by the Chief Justice and Justice Williams, concurred in a separate opinion. He wrote that on delayed appeal from a conviction entered pursuant to a plea of guilty before revision of the relevant court rule a transcript of the preliminary examination may be considered in deciding whether there was an adequate factual basis for accepting the plea. This case was not pending on appeal when the case holding that it is error to sentence without a presentence report was decided; therefore, under the rule of that case, the failure of the judge to obtain a presentence report before sentencing does not require or permit remand for sentencing. The court rule, prior to the 1963 revision, did not specifically require that the judge advise the defendant of the maximum sentence. The conviction should be affirmed without prejudice to the defendant's establishing in the trial court on delayed motion that he is entitled to have his conviction set aside on the ground that he was not aware of the maximum possible sentence, and in consequence his plea was not an understanding and voluntary plea within the meaning of the former court rule and minimum requirements of the due process clause.

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—CHANGE OF LAW—DELAYED APPEAL—KIDNAPPING—ASPORTATION.

The proper course in reviewing a plea of guilty made in 1962 to a

charge of kidnapping is to evaluate the record according to the law as it existed at the time the plea was entered rather than by current standards; the plea is not fatally defective because the record fails to disclose the defendant's acknowledgment of the element of asportation of the kidnapping victim.

2. CRIMINAL LAW—PLEA OF GUILTY—CHANGE OF LAW.

The law governing the validity of a plea of guilty made in 1962 was that the trial court personally address the defendant and satisfy himself that the defendant's plea was both true and voluntary, and that defendant understood the offense of which he pleaded guilty.

3. CRIMINAL LAW—PLEA. OF GUILTY—CHANGE OF LAW—MAXIMUM SENTENCE.

Failure to advise a defendant who pled guilty in 1962 to a charge of kidnapping that the maximum sentence prescribed by law for the offense was life imprisonment did not constitute failure to advise him of the "consequences of his plea", which would have been a fatal defect in the acceptance of the plea.

4. CRIMINAL LAW—PLEA OF GUILTY—CHANGE OF LAW—RIGHT TO TRIAL.

Failure to advise a defendant in 1962 that his plea of guilty waived his right to trial did not result in a miscarriage of justice which would require reversal of conviction where 48 hours before making his plea the defendant was twice informed at his arraignment that he had a right to be tried by a jury; the defendant was represented by counsel; he was 39 years old at the time of his plea; he was familiar with criminal proceedings and was serving a life sentence for another crime.

5. CRIMINAL LAW—SENTENCES—PRESENTENCE REPORT—RESENTENCING.

A defendant who was sentenced in 1962 without benefit of a presentence report is not entitled to resentencing by the trial court after the court first considers a presentence report where the issue was first raised in his delayed application for new trial in 1970 and renewed in subsequent application, and the rule of law requiring resentencing applied to those cases on appeal on or after December 19, 1974, in which the issue was preserved; that rule of law is to be given limited retroactivity and is construed to apply only to cases pending on timely direct appeal from a trial court or on timely application to the Supreme Court from a decision of the Court of Appeals (MCL 771.14; MSA 28.1144).

CONCURRING OPINION

KAVANAGH, C. J., and WILLIAMS and LEVIN, JJ.

6. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS—PRELIMINARY EXAMINATION.

*A transcript of a preliminary examination may be considered in deciding on delayed appeal from a conviction entered before revision of the court rule concerning acceptance of a plea of guilty whether there was an adequate factual basis for accepting the plea (Court Rule No. 35A [1945]).*

7. CRIMINAL LAW—CHANGE OF LAW—SENTENCING—PRESENTENCE REPORT.

*The failure of a judge to obtain a presentence report before sentencing a defendant does not require or permit remand for resentencing where the case was not pending on appeal when the decision requiring such a report before sentencing was announced.*

8. CRIMINAL LAW—PLEA OF GUILTY—UNDERSTANDING PLEA—MAXIMUM SENTENCE.

*Failure to advise a defendant who pled guilty in 1962 to a charge of kidnapping that the maximum sentence prescribed by law was life imprisonment did not necessarily mean that the plea was not understandingly and voluntarily made; the defendant's conviction should be affirmed on delayed appeal without prejudice to the defendant's establishing in the trial court on delayed motion that he was not aware of the maximum possible sentence and that therefore his plea was not understanding and voluntary within the meaning of the court rule at that time and of the Due Process Clause (Court Rule No. 35A [1945]).*

9. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.

*The issue of a factual basis for accepting a plea of guilty does not relate to guilt or innocence, but to whether there is evidence on which the trier of fact might have convicted the defendant at trial; a defendant can protest his innocence, and yet plead guilty if his plea, under all the circumstances, is an informed, understanding choice of the alternatives that confront him.*

10. COURTS—PRECEDENT—PLURALITY OPINION.

*A principle of law stated in a plurality opinion signed by three justices is not precedentially binding on the Supreme Court where two justices concurred in the result and one justice concurred by separate opinion because a majority of the sitting Supreme Court did not sign the opinion.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Roger L. Wotila)* for defendant.

RYAN, J. In this case the defendant, Richard Mauch, challenges the validity of his 1962 plea of guilty to kidnapping two City of Jackson policemen.

We hold that the plea was valid according to the standards existing at the time. We, therefore, reverse the decision of the Court of Appeals and reinstate the conviction.

There are three issues to be decided:

1) Whether the guilty plea is fatally defective because the record fails to disclose the defendant's acknowledgment of guilt of the element of asportation of the kidnapping victims;

2) Whether the trial court, in failing to advise the defendant that kidnapping carried a maximum penalty of life imprisonment, failed to inform him of the "consequences of his plea" and;

3) Whether, in the event the guilty plea is reinstated, the defendant is entitled to be resentenced because the trial court failed to consider a presentence investigative report pursuant to MCLA 771.14; MSA 28.1144.

I

On the morning of January 23, 1962 the defendant Mauch was arraigned in the Jackson County Circuit Court. As the transcript of that proceeding discloses, he was specifically advised by the court not once but twice, that he was charged with

kidnapping and that he had a right to be tried by a jury on each of the charges. The arraignment record also discloses that the court advised that Officer Norman Richmond was one of the victims and the Prosecuting Attorney announced that Officer Frank Miller was the second victim.

Two days later, on January 25, 1962, Mauch withdrew his pleas of not guilty and pleaded guilty to the charges as follows:

*"Mr. Carroll [Defense Counsel]:* If the Court please, I have talked with these defendants. Each of them informs me that he wishes to withdraw the pleas of not guilty entered for them by order of the Court on their arraignments and to enter a plea of guilty in the cases People v William Winegar and John Rogers [a/k/a Richard Mauch].

\* \* \*

*"The Court:* Now, Mr. Mauck *[sic]*, have any promises been made to you to get you to plead guilty?

*"Defendant Mauch:* No, your Honor.

*"The Court:* Have any threats been made against you?

*"Defendant:* No.

*"The Court:* Are you entering this plea freely and voluntarily?

*"Defendant:* Yes, sir.

*"The Court:* And did you on the 28th day of October, 1961, confine Frank Miller and Norman Richmond within this state against their will?

*"Defendant:* Yes, your Honor.

*"The Court:* Very well. The court will accept the plea of guilty of each of you, and I am aware of the fact that each of you is presently serving a life sentence which was imposed in an adjoining county; so I see no need to delay in passing sentence upon you. I may as well pass sentence this morning.

"I am going to give each of you the same sentence in each case, and each of these sentences will run concurrently.

"It is the sentence of this court that you be confined in the State Prison of Southern Michigan for the minimum term of 20 years, the maximum term to be 30 years.

"The court makes no recommendation.

"You are remanded to the custody of the warden for execution of the sentence.

"You may be seated."

After repeated attempts[1] the defendant finally

[1] The prosecutor summarized the post-conviction history of this case in his application for leave to appeal filed in this Court:

1. On January 25, 1962, defendant pled guilty to two separate informations, each charging him with kidnapping a policeman and was sentenced to concurrent terms of 20 to 30 years in prison.

2. On March 8, 1966, a delayed motion for new trial was denied by the trial court.

3. On January 30, 1969, defendant's application for leave to file a delayed appeal was denied by the Court of Appeals for lack of merit. (Docket No. 2694.)

4. On August 26, 1969, this Court denied defendant's application for leave to appeal on the grounds that defendant had failed to persuade the Court that he had a meritorious basis for appeal, 382 Mich 778.

5. On January 19, 1970, defendant filed an application for leave to file a second delayed motion for a new trial and on April 17, 1970 filed an addendum.

6. On or about October 2, 1970, defendant filed a motion for evidentiary hearing.

7. On October 8, 1970, the trial court denied defendant's application for leave to file a second delayed motion for new trial and motion for evidentiary hearing.

8. On November 2, 1970, defendant filed an application for rehearing.

9. On August 2, 1971, a supplemental brief in support of the application for rehearing was filed and another supplemental brief was filed on December 30, 1971.

10. On December 30, 1971, after nearly a year of ill health, the trial court denied the application for rehearing.

11. On June 26, 1972, the Court of Appeals denied defendant's second application for leave to appeal for lack of merit on the grounds presented. (Docket Nos. 14146, 14147.)

12. On September 13, 1972, this Court granted defendant's second application for leave to appeal, vacated the conviction, and remanded the case to the trial court, 388 Mich 778 (1972).

13. On January 31, 1973, this Court denied the people's application for rehearing.

14. On February 28, 1973, this Court on its own motion decided that

succeeded in having the Court of Appeals overturn his convictions.[2]

Although the defendant implies in his brief that we should judge his 1962 guilty plea record by current standards, we emphasize that we believe the proper course is to evaluate the record according to the law as it existed at the time the plea was entered.

Just as in *People v Armstrong,* 390 Mich 693; 213 NW2d 190 (1973), where this Court declined to apply to a 1963 guilty plea a standard more stringent than the standard then in force, we are not inclined today to charge the trial judge below with anticipating the extensive and confusing develop-

---

the January 31, 1973 order was erroneously entered, set it aside, granted the application for rehearing, set aside the order of September 13, 1972, and denied defendant's second application for leave to appeal for failure to persuade the Court that he had a meritorious basis for appeal, 389 Mich 769 (1973).

15. On April 3, 1973, defendant's application for rehearing was denied.

16. On or about October 12, 1973, defendant filed another application for leave to file a delayed motion to vacate guilty pleas, claiming the kidnap statute was unconstitutional, which was denied by an order dated December 18, 1973.

17. Defendant filed a third application for leave to appeal with the Court of Appeals, again claiming that *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973), held the kidnap statute under which he pled guilty unconstitutional.

18. On March 8, 1974, the Court of Appeals granted leave to appeal.

19. On March 16, 1974, the people filed an application for rehearing, pointing out the numerous times this case had been previously considered, and asked at the very least for the Court of Appeals to outline the issue or issues on which it decided to grant leave to appeal.

20. By an order dated March 29, 1974, and certified April 1, 1974, the Court of Appeals refused to outline the issue on which leave was granted or to recognize the amount of appellate review which defendant's case has already received.

21. In a per curiam opinion dated February 14, 1975, the Court of Appeals reversed defendant's two guilty pleas to kidnapping on the basis of the asportation discussion in *Adams,* holding that *Adams* is fully retroactive.

[2] D. E. Holbrook, P. J., and R. B. Burns and Van Valkenburg, JJ., unpublished per curiam (February 14, 1975).

ments in Michigan's guilty plea jurisprudence during the 14 years following the proceedings before him.

In nullifying Mauch's guilty plea, the Court of Appeals rested its judgment on the ground that, since the record below fails to disclose any mention of the asportation[3] of the kidnapping victims, the plea is fatally defective under the rule of *People v Barrows,* 358 Mich 267; 99 NW2d 347 (1959).

*Barrows,* however, does not stand for the proposition that a guilty plea record which fails to disclose mention of each element of the offense to which the plea of guilty is offered mandates setting aside the plea. The rule of the case in *Barrows,* a pre-GCR 1963, 785 case, was announced in the light of 1959 guilty plea procedures which were governed by a statute, MCLA 768.35; MSA 28.1058 and a court rule, Court Rule No. 35A (1945). The statute provided:

"Whenever any person shall plead guilty to an information filed against him in any court, it shall be the duty of the judge of such court, before pronouncing judgment or sentence upon such plea, to become satisfied after such investigation as he may deem necessary for that purpose respecting the nature of the case, and the circumstances of such plea, that said plea was made freely, with full knowledge of the nature of the accusation, and without undue influence. And whenever said judge shall have reason to doubt the truth of such plea of guilty, it shall be his duty to vacate the same, direct a plea of not guilty to be entered and order a trial of the issue thus formed."

---

[3] In *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973), the defendant pleaded not guilty to a charge of kidnapping and was brought to trial. We held that asportation is an element of the crime of kidnapping under MCLA 750.349; MSA 28.581, and a failure of the trial judge to so instruct the *Adams* jury to that effect was reversible error.

The court rule provided:

"In every prosecution wherein the accused is charged with a felony the trial court shall conform to the following practice:

\* \* \*

"Sec. 2. Imposing sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted.

\* \* \*

"This rule is mandatory but failure to comply therewith shall not be considered jurisdictional." 318 Mich xxxix–xl.

*Barrows* merely supplied an additional dimension to the 1959 procedures in holding that the court-rule-mandated examination of the accused shall be by direct questioning for the purpose of establishing the crime and the defendant's participation therein. The purpose of the rule, the Court reasoned, is to preclude "involuntary or induced false pleas", and "subsequent false claims of innocence".

Aside from the procedural requirements outlined in the statute, the court rule and *Barrows,* the form of plea taking in 1962 was left to the trial court.

In *People v Bumpus,* 355 Mich 374; 94 NW2d 854 (1959), this Court refused to set aside a guilty plea upon defendant's allegation that the trial

court failed to comply with the statute and court rule. The Court stated the general rule:

"Both our statutes and our court rules, quoted above, require that upon a plea of guilty to an information the judge shall satisfy himself that the plea was made freely, with knowledge of its consequences, and without undue influence or promise of leniency. The form and manner of this examination by the judge has not been prescribed but is left to the discretion of the judge, to be exercised by him in the manner best suited to the parties and the offense. The topic is discussed with clarity in *People v Coates,* 337 Mich 56 [59 NW2d 83 (1953)]." 355 Mich at 379–380.

Later in the opinion, this Court clearly emphasized that the trial court's finding that the plea was freely and voluntarily entered carried great weight:

"We do not lightly disregard the statement in the opinion of the sentencing judge that he conferred with defendant and assured himself that the defendant's plea was knowingly and freely made, and we find nothing in the record to impeach such statement. Moreover, 'Where it affirmatively appears that the judge made inquiry to satisfy himself that the plea of guilty entered expressed the real desire of the defendants, there can be no assumption that the defendant acted in ignorance or under compulsion.' 8 MLP, Criminal Law, § 125, p 155." 355 Mich at 381–382.

In *People v Coates,* 337 Mich 56; 59 NW2d 83 (1953), the defendant entered pleas of guilty to armed robbery and rape. The opinion indicates that the trial court elicited a detailed factual basis for the armed robbery charge, but nothing whatever for the rape charge other than the defendant's expressed desire to plead guilty to rape. The defendant challenged the adequacy of the court's

investigation, claimed his plea was coerced, and that he was denied the right to counsel, and asserted that the irregularity of the proceedings was contrary to the orderly administration of justice. In noting that the record disclosed that the trial court talked with the accused in chambers for 20 minutes to an hour prior to receiving the guilty pleas, this Court sustained the validity of the pleas, holding that the Court assumed that the trial court complied with its statutory duty relative to the required investigation. The Court also considered the fact that the defendant, although 25 years old, was experienced in crime and was aware of the nature of the proceedings.

The principle announced in *Bumpus* and *Coates* is that the trial court must satisfy itself under the circumstances in the case that the plea was accurate and truthful, and freely, understandingly, and voluntarily entered. The method by which the court "satisfied himself" was left to the trial judge. If the court accepted the plea, the resulting conviction carried with it a strong presumption of validity and reversal resulted only when the record affirmatively showed that the trial court neglected its statutory duty, *Edwards v People,* 39 Mich 760 (1878), or conclusively demonstrated that the plea was involuntary or induced, *People v Merhige,* 212 Mich 601; 180 NW 418 (1920).

In *People v Winegar,* 380 Mich 719; 158 NW2d 395 (1968), this Court sustained the validity of a 1961 guilty plea. In that case the record failed to disclose any factual basis for the plea, and did not show that the defendant was advised of the consequences of his plea. The record did indicate, however, that before accepting the plea, the court had a private conference with the defendant in chambers. Thereafter, the court concluded on the record

that the defendant committed the crime and that he was freely, understandingly, and voluntarily pleading guilty. In affirming this conviction, the Court noted that a plea-based conviction is a judgment of the trial court and, as such, is presumptively valid. To overcome such a presumption, the Court held a showing must be made according to the harmless error statute, MCLA 769.26; MSA 28.1096, which states:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

The Court concluded that technical non-compliance with the statute or court rule then in effect[4] would not justify reversal.

In the few guilty plea cases that had reached this Court at the time the plea was taken in the case at bar, non-compliance with statute or court rule did not result in reversal unless there were aggravating circumstances which indeed constituted a miscarriage of justice.[5]

---

[4] MCLA 768.35; MSA 28.1058; Court Rule No 35A, § 2 (1945).

[5] This Court has overturned plea-based convictions where there was no attempt to ascertain that a crime was committed and that the defendant committed it, *Clark v People,* 44 Mich 308; 6 NW 682 (1880); *Edwards v People,* 39 Mich 760 (1878); where subsequent evidence strongly suggested defendant's innocence, *People v Rucker,* 254 Mich 342; 236 NW 801 (1931); where the trial court threatened defendant with a stiffer sentence if he refused to plead guilty and thereby waive error committed at his prior trial which resulted in a verdict of guilty, *O'Hara v People,* 41 Mich 623; 3 NW 161 (1879); where defendant had been adjudicated insane at the time of his guilty plea, *People v Strick,* 292 Mich 173; 290 NW 369 (1940); where the

In summary, while the present court rule, GCR 1963, 785.7 (1975), may require that in order that the validity of the guilty plea be sustained, it must be evident from the record that the defendant acknowledged his guilt to each and every element of the crime to which he pleads guilty, no such requirement existed at the time Mauch's plea in the instant case was taken. The thrust of the law governing the validity of guilty pleas in 1962, as mandated by statute, court rule and this Court's interpretation of both, was that the trial court personally address the defendant and satisfy himself that the defendant's guilty plea was both true and voluntary.

After review of the entire case, we cannot say that this record, although indeed woefully inadequate by 1976 standards, was violative of 1962 requirements as regards the necessity that the record reflect the accused's understanding of the offense to which he pleads guilty, and that the trial court satisfy itself that the plea was both true and voluntary.

## II

The defendant's second assignment of error— that his plea is fatally defective because the court did not advise him of the maximum penalty for kidnapping—is likewise without merit.

In 1962 the trial court was not required to inform the defendant of the maximum sentence prescribed by law for the offense. We spoke to this

plea record indicated that defendant asserted his innocence but was misled by the court and thus was induced to enter a guilty plea, *People v Merhige,* 212 Mich 601; 180 NW 418 (1920); or where the defendant was young, had no prior experience with the courts, did not personally plead guilty but allowed his attorney to speak for him, under circumstances that established an "obvious inducement" for the guilty plea, *People v Barrows, supra.*

issue in *People v Dunn,* 380 Mich 693; 158 NW2d 404 (1968), in affirming a 1962 guilty plea in holding:

"We do not find that 'consequence of his plea' has been precisely defined in any prior decision of this Court as that phrase is used in [the court rule]. We here hold that the meaning of the 'consequence' of a plea of guilty, within the wording of the rule, is that an accused, by so pleading, waives his right to trial by jury, or trial without a jury by the court, and that additionally the accused subjects himself to whatever penalty is prescribed by law, including possible confinement in a penal institution. Under the rule, the accused must be advised minimally of the foregoing. Any additional information the trial judge is disposed to give to an accused rests in his discretion to be exercised according to the cirumstances." 380 Mich at 700–701.

The Court stated further that the purpose of such advice was to insure that the plea was freely made.

In the case at bar, the court did "minimally" advise the defendant, after he entered his plea, that the court would pass sentence that morning. He did not, in so many words, inform the defendant that a guilty plea waived a trial.

Under the circumstances of this case, however, it is difficult to conclude from this omission that a miscarriage of justice occurred as required by the statute prior to reversal of a criminal conviction, especially in light of the fact that 48 hours earlier the defendant was twice informed that he had a right to be tried by a jury. Moreover, the defendant was represented by counsel: he was 39 years old at the time of his plea; and he was familiar with criminal proceedings. In fact, at the time he pled guilty he was serving a life sentence for another crime. Upon questioning by the court,

defendant asserted that he freely and voluntarily entered his guilty plea. Furthermore, there are no other "aggravating circumstances" in this case, unlike the cases cited, fn 5 *supra,* which would justify a finding of a miscarriage of justice requiring setting the plea aside. The plea, therefore, must stand.

In reaching this conclusion, we reiterate that we are dealing at bar with a 1962 guilty plea. We emphasize that *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), represents the present state of the law regarding the acceptance of guilty pleas. We decline, however, to give the defendant in this case the benefit of this decision which was rendered more than 13 years after he entered his plea of guilty.

## III

Finally, the defendant contends that if his plea is upheld by this Court, the matter should be remanded to the trial court for resentencing because there was no presentence report prepared, as required by MCLA 771.14; MSA 28.1144. In *People v Brown,* 393 Mich 174; 224 NW2d 38 (1974), we held that it is error to sentence a defendant without benefit of a presentence report, and limited application of this rule to cases then pending on appeal in which the issue was preserved and to convictions occurring thereafter. The record indicates that defendant first raised this issue in his application for leave to file a delayed motion for new trial filed with the trial court on January 19, 1970, and renewed it in subsequent applications. It is argued therefore that Mauch's case was "pending on appeal" when *Brown* was decided in 1974.

However, we conclude that in order to give

*Brown* limited retroactivity, as was our stated intention, the phrase "pending on appeal" should be construed to include only cases pending on timely direct appeal from the trial court or on timely application to this Court from Court of Appeals decisions. We hold, therefore, that *Brown* does not require us to remand this case for resentencing.

The Court of Appeals is reversed and the conviction and sentence reinstated.

COLEMAN, FITZGERALD, and LINDEMER, JJ., concurred with RYAN, J.

LEVIN, J. Mauch was convicted in 1962 on his plea of guilty to two counts of kidnapping and sentenced to serve a term of 20 to 30 years.[1]

The Court of Appeals set aside his conviction in 1975 on the ground that the failure of the trial judge to establish an element of the offense, asportation,[2] during the plea-taking colloquoy violated the rule of *People v Barrows,* 358 Mich 267; 99 NW2d 347 (1959), requiring that there be a factual basis for the plea. The Court said that *People v Taylor,* 387 Mich 209; 195 NW2d 856 (1972), precludes resort to the transcript of the preliminary examination to establish the missing element.

Mauch's plea of guilty was accepted before the 1973 revision of the court rule, GCR 1963, 785.7,[3] delineating for the first time in the rule the *Barrows* factual-basis requirement.

In a number of delayed appeals from guilty

[1] MCLA 750.349; MSA 28.581.

[2] *See People v Adams,* 389 Mich 222; 205 NW2d 415 (1973).

[3] *See People v Haack,* 396 Mich 367, 371, n 3; 240 NW2d 704 (1976), for the history of GCR 1963, 785, and preceding Court Rule No 35A (1945).

pleas accepted before the revision of the court rule
this Court has allowed the factual basis to be
established by evidence other than direct question-
ing of the defendant. The question whether a
preliminary examination transcript may be consid-
ered in such a case has not been definitively
resolved.

We would hold that on delayed appeal from a
conviction entered before revision of the court rule
a preliminary examination transcript may be con-
sidered in deciding whether there is an adequate
factual basis.

Mauch also contends that his plea should be set
aside because he was not aware of the maximum
sentence and, alternatively, that resentencing is
required because the judge did not obtain a presen-
tence report.

This case was not pending on appeal when *Peo-
ple v Brown,* 393 Mich 174, 181; 224 NW2d 38
(1974), was decided and, therefore, under the rule
of that case, the failure of the judge to obtain a
presentence report before sentencing does not re-
quire or permit remand for sentencing.

Before the 1963 revision, the court rule did not
specifically require that the judge advise the de-
fendant of the maximum sentence. The judge in
this case did not do so. It does not appear whether
Mauch was aware before he pled guilty that the
maximum sentence for kidnapping is life or any
term of years.

We would affirm Mauch's conviction without
prejudice to his establishing in the trial court on
delayed motion that he is entitled to have his
conviction set aside on the ground that he was not
aware of the maximum possible sentence and in
consequence his plea was not an understanding
and voluntary plea within the meaning of the

court rule and minimum requirements of the Due Process Clause.

## I

The judge's questions and Mauch's responses do not establish a factual basis. Mauch's affirmative answer to the judge's question posed in the statutory language: "Did you * * * 'confine' [the victim] 'against [his] will'?" tells us scarcely more than Mauch is willing to plead guilty. It provides no assurance that whatever he may have done would support a conviction at a trial.

In *People v Barrows, supra,* p 272, this Court said:

"The direct questioning of a defendant by the trial judge on plea of guilty is required by the rule for the purpose of establishing the crime and the participation therein of the person pleading guilty. This is a precaution against involuntary or induced false pleas of guilty, and against subsequent false claims of innocence."

*Barrows* has been reaffirmed by this Court in a number of opinions, some deciding long delayed appeals.[4]

---

[4] In *People v Taylor,* 383 Mich 338, 357; 175 NW2d 715 (1970), the lead opinion, written by Chief Justice Brennan, speaking of *McCarthy v United States,* 394 US 459; 89 S Ct 1166; 22 L Ed 2d 418 (1969), and FR Crim P, 11, adverted to *Barrows:*

"By footnote, the Chief Justice [in *McCarthy]* referred to the notes of the Advisory Committee on Criminal Rules, which were published in connection with the 1966 amendment. These notes are of particular interest to those of us who labor in the Michigan judicial vineyards. They say:

" 'For a similar requirement see Stat Ann § 28.1058; Court Rule No. 35A (1945); *In re Valle,* 364 Mich 471; 110 NW2d 673 (1961); *People v Barrows,* 358 Mich 267; 99 NW2d 347 (1959); *People v Bumpus,* 355 Mich 374; 94 NW2d 854 (1959); *People v Coates,* 337 Mich 56; 59 NW2d 83 (1953).'

"No other state statutes, state court rules, or state court decisions are cited in the Committee notes attending the 1966 amendment of Federal Rule 11.

In *People v Taylor, supra,* this Court applied the
*Barrows* requirement in setting aside a 1960 guilty
plea. Mauch's plea was in 1962.

A 1963 guilty plea conviction was reversed for
failure to comply with *Barrows* in *People v Car-
lisle,* 387 Mich 269, 273; 195 NW2d 851 (1972).

In *People v Haack,* 396 Mich 367, 371–373; 240
NW2d 704 (1976), where the plea was accepted
before the 1973 revision, this Court said: "While
former rule 785 and the statute did not explicitly
require a determination that there was a factual
basis, such a requirement was established by judi-
cial construction of the rule and statute in *People
v Barrows.*" We concluded:

"In reviewing convictions on pleas of guilty accepted
before the 1973 revision of rule 785, this Court followed
the *Barrows* rule requiring a factual basis supporting
the conclusion that a crime was committed and that
defendant participated in its commission."

While this Court has consistently required, in
accordance with *Barrows,* that a factual basis be

"In all modesty, we conclude that the 1966 amendment of Federal
Rule 11 was designed to bring Federal court practice up to the
standard of our Michigan practice."

The note of the Advisory Committee referred to a new sentence
added at the end of rule 11, *viz.:* "The court shall not enter a
judgment upon a plea of guilty unless it is satisfied that there is a
factual basis for the plea." The following is the pertinent language of
the note preceding the words quoted in *Taylor:*

"A new sentence is added at the end of the rule to impose a duty on
the court in cases where the defendant pleads guilty to satisfy itself
that there is a factual basis for the plea before entering judgment.
The court should satisfy itself, by inquiry of the defendant or the
attorney for the government, or by examining the presentence report,
or otherwise, that the conduct which the defendant admits constitutes
the offense charged in the indictment or information or an offense
included therein to which the defendant has pleaded guilty. Such
inquiry should, *e.g.,* protect a defendant who is in the position of
pleading voluntarily with an understanding of the nature of the
charge but without realizing that his conduct does not actually fall
within the charge."

established, in delayed appeals it has found an adequate factual basis on evidence other than the defendant's responses to questions by the judge.

In *People v Stearns,* 380 Mich 704; 158 NW2d 409 (1968), a 1961 conviction was affirmed on evidence that the defendant made statements establishing a factual basis during the presentence investigation.

The Court did not refer to *Barrows* in *People v Winegar,* 380 Mich 719, 725; 158 NW2d 395 (1968). Before accepting that 1961 guilty plea the judge said that he had "conferred with Mr. Winegar relative to the circumstances of the crime, is convinced that he committed the crime". The conference had taken place in chambers in accordance with the former practice.

A prosecutor's statement of the factual basis during the plea-taking colloquoy and defendant's acquiescence were held sufficient to support a pre-*Barrows* plea in *People v Rufus Williams,* 386 Mich 277; 192 NW2d 466 (1971).

In this case, the presentence report is not part of the record and, it appears, cannot be produced. There is no suggestion that a factual basis was established during an in-chambers examination. Nor is there a statement by the prosecutor or questioning of Mauch by his lawyer[5] establishing a factual basis.

II

A preliminary examination was conducted and it was there established that Mauch "pled guilty to an offense of which he might have been convicted

[5] In *People v Butler,* 387 Mich 1; 195 NW2d 268 (1972), a timely direct appeal, a factual basis was established on the record in the presence of the judge by direct questioning of the defendant by his lawyer.

at trial". *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975).

Two police officers testified that Mauch and another person disarmed, handcuffed and placed them in the rear of a police car. The officers were then driven a number of miles and handcuffed to a tree. The offense and Mauch's participation, a factual basis for the plea, were thus established.

The jurisprudence of this state is unsettled regarding resort on delayed appeal from conviction on a guilty plea accepted before the 1973 revision of the court rule to a preliminary examination transcript to demonstrate a factual basis for the plea.

In *People v Zaleski,* 375 Mich 71, 81; 133 NW2d 175 (1965), this Court declared that a judge may not, in exercising his discretion to grant or deny a motion to withdraw a guilty plea, consider the "frequently one-sided preliminary examination testimony" as evidence of the defendant's guilt or innocence.[6]

The issue of factual basis does not relate to guilt or innocence, but to whether there is evidence on which the trier of fact might have convicted the defendant at a trial. A defendant can protest his innocence and yet plead guilty if his plea, under all the circumstances, is an informed, understanding choice of the alternatives that confront him.[7]

The question here relates to resort on delayed appeal to a preliminary examination transcript.

---

[6] The Court affirmed the denial of defendant's motion to withdraw his plea of guilty "upon the paucity of persuasive reason offered by the defendant in support of his motion to withdraw his plea, a deficiency of such magnitude that it leaves defendant's motion bordering on the frivolous". *People v Zaleski,* 375 Mich 71, 81; 133 NW2d 175 (1965) (SOURIS, J, concurring).

[7] *See North Carolina v Alford,* 400 US 25; 91 S Ct 160; 27 L Ed 2d 162 (1970). *Cf. People v Stoner,* 23 Mich App 598; 179 NW2d 217 (1970).

Statements in earlier cases that examination transcripts may not be considered for that purpose are not of precedential stature.

The plurality opinion in *People v Schneff,* 392 Mich 15, 26; 219 NW2d 47 (1974), signed by three justices, declared that "the trial judge erred in considering the preliminary examination testimony when accepting the defendant's guilty plea". Schneff's conviction was affirmed on the ground that a factual basis had been established. Two justices concurred in the result and one justice concurred by separate opinion. A majority of the sitting Court did not sign the plurality opinion. The plurality statement in *Schneff* is not precedentially binding on this Court. *Negri v Slotkin,* 397 Mich 105, 109; 244 NW2d 98 (1976).

In *People v Rufus Williams, supra,* the plurality opinion[8] eschewed reliance on the preliminary examination transcript in reviewing a pre-*Barrows* plea.[9]

In *People v Taylor, supra,* p 225, fn 10, this Court said that "[i]t is not sufficient that such facts appear on the record of the preliminary examination. See *People v Zaleski,* 375 Mich 71, 81 (1965), and *People v Rufus Williams,* 386 Mich 277, 284–285 (1971)." However, neither *Zaleski* nor *Williams* resolved the question. Moreover, the *Taylor* statement was *obiter dictum.* Taylor had waived preliminary examination. The question of resort on delayed appeal to a preliminary examination transcript to demonstrate a factual basis was neither briefed nor argued.

---

[8] Not signed by a majority of the participating justices.

[9] The Court of Appeals, 23 Mich App 459; 179 NW2d 48 (1970), had relied on the preliminary examination transcript in affirming defendant's conviction.

The plurality opinion relied on the prosecutor's recital of a factual basis; two justices concurred in the result and two dissented.

Reaffirming, as emphasized in our opinion in *Guilty Plea Cases, supra,* that there is no adequate substitute for direct questioning by the judge of the defendant, we, nevertheless, conclude that it would be inconsistent with the sound administration of justice to set aside a 1962 guilty plea on the ground that a factual basis was not established where the preliminary examination transcript demonstrates that the defendant pled guilty to an offense of which he might have been convicted at trial and a basis is thereby provided for "reasonable ascertainment of the truth of the plea." *People v Barrows, supra,* p 272.

"Efforts to improve the quality and raise standards in the administration of justice are, however, sometimes impeded by an insistence on applying a newly-established or newly-enforced standard in cases where the judgments of conviction have long ago become final. Those efforts are also sometimes impeded by a rigid and inflexible application of the improved standard in current cases. Unless the *Barrows* direct-questioning requirement is enforced with sufficient flexibility to make allowances for inadvertent oversight by a conscientious judge[10] and for those cases where guilty pleas were taken before *Barrows* was decided, the likelihood is that pressure from the trial bench and the reality of the number of convictions that would be reversed and cases retried, adding to the backlog of our overburdened trial courts, would erode the direct questioning requirement altogether. A pragmatic philosopher cautioned us that 'the best is the enemy of the good.' "[11]

### III

My colleague's opinion refers to the harmless

---

[10] *Guilty Plea Cases, supra,* p 129 provides for remand of a case where an element of the offense has not been established to give the prosecutor an opportunity to establish the missing element.

[11] *People v Coates,* 32 Mich App 52, 65–66; 188 NW2d 265 (1971) (LEVIN, J, dissenting).

error statute[12] and states that the present court rule "may" require an acknowledgment of guilt of each and every element of the crime.

We recently considered at considerable length a large number of appeals from guilty plea convictions in an effort to establish a sound and principled procedure for the acceptance of a plea of guilty and a workable standard for appellate review of plea-based convictions. *Guilty Plea Cases, supra.* This Court's opinion in *Guilty Plea Cases, supra,* p 128, states that unless the record shows compliance with the factual basis requirement the case is to be remanded for supplementation of the record and if a factual basis cannot on remand be established the plea shall be set aside.

We disassociate ourselves from any suggestion that judgments of conviction on guilty pleas accepted after the 1973 revision of the court rule are to be reviewed by a standard not stated in *Guilty Plea Cases* or that the record may be adequate without a showing that the defendant might have been convicted of the offense at a trial.

## IV

The court rule now requires that the judge state the maximum and any minimum prison sentence before accepting a plea of guilty.[13] The rule in effect when Mauch pled guilty did not specifically require advice regarding a statutory minimum or the maximum sentence.[14]

---

[12] MCLA 769.26; MSA 28.1096. *See People v Robinson,* 386 Mich 551, 562; 194 NW2d 709 (1972).

[13] GCR 1963, 785.7.

[14] "Imposing sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequence of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting

The judge did not, before accepting Mauch's plea of guilty, determine whether he was aware that the maximum sentence for kidnapping is life or any term of years.

This Court has held that the length of the sentence is not a "consequence" of a guilty plea within the meaning of the former court rule. *People v Dunn,* 380 Mich 693, 700; 158 NW2d 404 (1968).

The question whether a defendant's awareness of the maximum sentence is a factor to be considered in determining whether his plea is "understandingly and voluntarily made" within the meaning of the former rule and minimum constitutional requirements was left unresolved by this Court's decision in *People v Ferguson,* 383 Mich 645; 178 NW2d 490 (1970), affirming by an equally divided vote a decision of the Court of Appeals.[15]

In many jurisdictions, as in Michigan, the issue is now resolved by court rule or statute requiring that the judge inform the defendant of the maximum sentence.[16]

Courts in other jurisdictions, noting the constitutional roots of the knowing and understanding standard, have held that awareness of the maximum sentence is a prerequisite to a valid plea of

---

the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. Unless the court determines that the plea of guilty was so made, it shall not be accepted." Court Rule No 35A, § 2 (1945).

[15] *People v Ferguson,* 13 Mich App 362; 164 NW2d 547 (1968).

[16] In some jurisdictions, sentence length is regarded as a "consequence" of the plea with the result that the judge, on that account, is required to state the maximum sentence. *See, e.g., Ex parte Johnson,* 499 SW2d 180, 181 (Tex Crim App, 1973); *Harper v United States,* 368 F2d 53, 55–56 (CA 10, 1966); Anno, *Court's duty to advise or admonish accused as to consequences of plea of guilty,* 97 ALR2d 549, 571–574.

guilty.[17] Where the record fails to show that the defendant was aware of the maximum sentence a hearing on that issue is required.[18]

A hearing has not been held on the question whether Mauch was aware of the maximum sentence. Absent a finding following a hearing that Mauch was unaware of the maximum sentence, there is not a factual predicate for further consideration whether his plea was understanding and voluntary.

V

*People v Brown, supra,* does not require or permit a remand for sentencing. In that case, this Court held that it is error to sentence a defendant in a felony case without first obtaining a presentence report. We gave this holding limited retroactivity:

"We will apply the rule articulated in this case only to those cases now pending on appeal in which this issue has been preserved and to those cases resulting from charges made on and after the date of this opinion."

Mauch was convicted long before the date of the *Brown* decision. His case was not pending on appeal when *Brown* was decided.

By the use, in such context, of the phrase "pending on appeal", this Court means cases pending on

---

[17] *Wade v Wainwright,* 420 F2d 898 (CA 5, 1969); *United States ex rel Leeson v Damon,* 496 F2d 718, 721 (CA 2, 1974), *cert den* 419 US 954; 95 S Ct 215; 42 L Ed 2d 172 (1974); *Carter v State,* 291 Ala 83, 85; 277 So2d 896, 898 (1973); *State v Hooper,* 107 Ariz 327; 487 P2d 394 (1971).

[18] *United States ex rel Hill v United States,* 452 F2d 664 (CA 5, 1971); *Carter v State, supra; State v Hooper, supra; State v Schroeder,* 218 NW2d 591 (Iowa, 1974).

timely direct appeal from the trial court to the
Court of Appeals or on timely application to this
Court from the decision of the Court of Appeals. If
an appeal from a grant or denial of a delayed
motion for a new trial or on a delayed application
for leave to appeal was timely for this purpose
then, contrary to the evident purpose to give
*Brown* limited retroactivity, the rule of that case
would in effect be fully retroactive.

Reversed.

KAVANAGH, C. J., and WILLIAMS, J., concurred
with LEVIN, J.