PEOPLE v WILSON

Docket No. 45850. Submitted May 6, 1980, at Lansing.—Decided August 12, 1980.

Marcia J. Wilson was charged with possession of stolen property over $100 on December 11, 1978. At a pretrial conference on January 25, 1979, she was told that a supplemental information would be filed against her charging her with being a habitual offender. She pled guilty to the possession charge on March 19, 1979. The supplemental information was filed on April 12, 1979, and, on April 19, 1979, she pled guilty in the Washtenaw Circuit Court and was convicted, Edward D. Deake, J. Defendant appeals, alleging that it was improper to delay the filing of the supplemental information until after she pled guilty to the principal charge. *Held:*

A supplemental information charging a defendant with being a habitual criminal must be filed promptly, if at all, unless a delay is necessary to verify out-of-state felony convictions. The rule was announced August 28, 1979, by the Supreme Court and should not apply retroactively.

Affirmed.

1. COURTS — RULES OF LAW — RETROACTIVE APPLICATION.

A court must consider, in deciding whether to give retroactive application to a new rule of law, the purpose of the new rule, the general reliance upon the old rule and the effect of retroactivity upon the administration of justice.

2. CRIMINAL LAW — SUPPLEMENTAL INFORMATIONS — HABITUAL CRIMINALS.

The rule of law established by a case precedent that a supplemental information charging a defendant with being a habitual criminal be filed promptly, if at all, unless delay is necessary to verify out-of-state felony convictions has prospective application only.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts § 85.
  Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Robert L. Cooper,* Assistant Prosecuting Attorney, for the people.

*Kitchen, Stringer & Schmerberg, J.D.,* for defendant.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

T. GILLESPIE, J. The defendant was arrested on December 11, 1978, and charged with possession of stolen property over $100 in violation of MCL 750.535; MSA 28.803. She pled guilty on March 19, 1979. She was told at pretrial on January 25, 1979, that a supplemental information would be filed against her charging her as a habitual offender. This was done on April 12, 1979. On April 19, 1979, she pled guilty to the charge of being a habitual offender, fourth or subsequent conviction (MCL 769.12; MSA 28.1084). She appeals from her sentence of three to five years at the Michigan Department of Corrections contending that, under the holding of the Supreme Court in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), it was improper to delay the filing of the supplemental information until after the defendant had pled guilty to the principal charge against her.

The prosecutor contends that the bases for the holding in *People v Fountain* do not apply in this case as the defendant had fair notice and there was no prosecutorial impropriety. *People v Fountain* however is quite specific:

"A prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

person as an habitual offender. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970), *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). The prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after the conviction. MCL 769.13; MSA 28.1085. The only recognized exception to this rule is when the delay is due to the need to verify out-of-state felony convictions based on the 'rap sheet'. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976)." *Id.,* 98-99.

The supplementation in this case does not fall within the exception and therefore could not at the present time be sustained.

The other question is whether the rule announced in *Fountain* is retrospective. The date of the sentence was April 19, 1979. The Supreme Court decision was August 28, 1979. The Supreme Court did not announce whether the rule of *Fountain* was to be applied retrospectively or prospectively and is considering the determination of that question. *People v Ronald Brown,* 407 Mich 913 (1979).

In a number of cases the Court recently has decided the question of retroactivity of decisions which change an established rule of law.

In *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971), the Court did apply retroactively a requirement that instructions be given to the jury that a finding of not guilty by reason of insanity does not result in release of a defendant.

In *People v Auer,* 393 Mich 667; 227 NW2d 528 (1975), the Court applied the "objective" test to evidence of entrapment dictated by *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973), prospectively only.

In *People v Rich,* 397 Mich 399; 245 NW2d 24

(1976), the Court applied prospectively only the rule of *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973), which overruled the capacity standard of intoxication in specific intent crimes which had been firmly established for many years.

In *People v Markham,* 397 Mich 530; 245 NW2d 41 (1976), *reh den* 398 Mich 952 (1976), the "same transaction" test in double jeopardy cases decided by *People v White,* 390 Mich 245; 212 NW2d 222 (1973), was applied prospectively.

In *People v Mauch,* 397 Mich 646; 247 NW2d 5 (1976), *reh den* 400 Mich 951 (1977), the rule requiring a presentence report mandated by *People v Brown,* 393 Mich 174; 224 NW2d 38 (1974), prior to sentencing was limited further by including only cases on direct appeal at the date of the *Brown* decision.

In *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977), the Court refused retroactive effect to the rule that it is not permissible for a trial judge sitting without a jury to read the transcript taken at preliminary examination.

In *People v Kamin,* 405 Mich 482, 494, 504-505; 275 NW2d 777 (1979), the Court did allow retroactive effect to the rule in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), requiring jury instructions on lesser included and cognate offenses .

In all of these cases the Supreme Court used the three-pronged test for retroactivity set out in *Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965): (1) the purpose of the new rule, (2) general reliance on the old rule, and (3) the effect on the administration of justice.

The Courts have usually followed the pattern

that rules which assist in ascertainment of guilt or innocence or involve constitutional rights are applied retroactively. Procedural rules are applied prospectively. *People v Hampton, supra, Tehan v United States ex rel Shott,* 382 US 406; 86 S Ct 459; 15 L Ed 2d 453 (1966).

The procedural rule of *Fountain* was for the purposes of giving the accused fair notice at the time of filing of the information that supplementation would be sought and avoidance of appearance of prosecutorial impropriety by enhanced punishment of one who has exercised his or her right to trial.

The purpose is salutory; however, there had been general reliance by prosecutors for many years on the practice that supplementation should take place after a plea of guilty is entered or a verdict of guilt is found by a jury.

If retroactivity were ordered it would have a significant impact on the administration of justice. The enhanced sentences imposed upon many habitual criminals would have to be vacated. New sentence hearings, with the attendant problem of stale presentence information, would be required in some cases, while in others, sentences imposed after conviction of the principal offense would be reinstated resulting in disproportionately light penalties. A review would be required of all cases of habitual offenders sentenced prior to August 28, 1979, who could obtain an ingenious lawyer to process a delayed appeal. The result would be a clogging of appellate pipelines with many technical claims and there would be released into society many of the very people the Legislature saw fit to longer detain.

The sentence of the circuit court is affirmed.