PEOPLE v TAYLOR

Docket No. 45812. Submitted May 12, 1980, at Lansing.—Decided August 27, 1980.

Lee A. Taylor was convicted, on his plea of guilty, of larceny over $100, Washtenaw Circuit Court, Ross W. Campbell, J. As part of the plea agreement, the prosecutor agreed to file a supplemental information charging the defendant as a second offender rather than charging him as a fourth offender. The prosecutor filed the supplemental information on March 22, 1979, and, on April 20, 1979, the defendant was convicted on his plea of guilty to being a second conviction habitual offender. Following sentencing as a habitual offender, the defendant appeals arguing that his habitual offender conviction should be set aside by reason of the rule announced by the Michigan Supreme Court in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), on August 28, 1979, under which the supplemental habitual offender information must be filed with the information charging the underlying felony. *Held:*

1. The question of whether a new rule of law should be applied retroactively is determined by balancing three factors: (1) the purpose of the new rule of law; (2) the general reliance on the old rule of law; and (3) the effect of the retroactive application of the new rule of law on the administration of justice.

2. The purpose of the Supreme Court's new rule requiring the filing of the supplemental habitual offender information charges with the information charging the last underlying felony was to avoid the appearance of any prosecutorial impropriety and to give the defendant adequate notice of the prosecu-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Courts §§ 233, 236.

Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

Retroactive or merely prospective operation of new rule adopted by court in overruling precedent - Federal Cases. 14 L Ed 2d 992.

[2] 21 Am Jur 2d, Criminal Law § 491.5.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 19-22.

tor's intent. Since the supplemental habitual offender charge brought against the defendant herein was brought pursuant to a guilty plea agreement entered into by the defendant, the defendant was afforded adequate notice of the supplemental charge and was in no way prejudiced by the fact that the supplemental charge was not filed until after his plea of guilty to the underlying felony. Retroactive application of the Supreme Court's new rule of law is not necessary under these circumstances.

Affirmed.

1. CRIMINAL LAW — COMMON LAW — CASE PRECEDENT — RETROACTIVE APPLICATION.

The question of whether a new rule of law should be applied retroactively is determined by balancing three factors: (1) the purpose of the new rule of law; (2) the general reliance on the old rule of law; and (3) the effect of the retroactive application of the new rule of law on the administration of justice.

2. CRIMINAL LAW — HABITUAL OFFENDERS — FILING OF CHARGES — RETROACTIVE APPLICATION.

The Michigan Supreme Court's new holding that habitual offender charges must be filed with the information charging the last underlying felony should not be applied retroactively to a habitual offender conviction which arose out of a guilty plea agreement entered into prior to the date of decision of the case establishing the new rule of law, since under that guilty plea agreement the defendant had ample notification of the prosecutor's intent, thereby satisfying the purpose of the new rule, and was in no way prejudiced by the filing of the supplemental habitual offender information after having entered his plea of guilty to the underlying charge.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Robert L. Cooper,* Assistant Prosecuting Attorney, for the people.

*Kendall B. Williams,* for defendant on appeal.

Before: D. F. WALSH, P.J., and BASHARA and K. B. GLASER,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

BASHARA, J. Defendant appeals from a plea-based conviction for violation of the second felony offender provision of MCL 769.10; MSA 28.1082.

The record reveals that on March 16, 1979, the defendant entered a plea of guilty to the charge of larceny over $100, MCL 750.356; MSA 28.588. The prosecutor and defense counsel, as well as defendant, all stipulated that, as part of the plea bargain, the prosecutor would file a supplemental information charging defendant as a second offender. Thereafter, defendant's plea to the larceny charge was accepted. On March 22, 1979, the prosecutor filed the supplemental information, to which defendant pled guilty. He was sentenced to 3-1/2 to 7-1/2 years. The sentence for the underlying larceny conviction was set aside.

Defendant's sole contention is that *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), should be applied retroactively. That case, which was decided on August 28, 1979, held that to avoid the appearance of impropriety the supplemental information should be filed with the information charging the underlying felony.

The Supreme Court has made it clear that it has not yet ruled on the question of *Fountain's* retroactivity. *People v Devine,* 407 Mich 904 (1979). In order to determine this issue, it is necessary to approach the problem by balancing three factors: (1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the effect on the administration of justice. *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979).

The new rule's purpose is best portrayed by an excerpt from *Fountain, supra,* 99:

"The habitual offender charges should have been filed with the information which charged the last felony to

provide fair notice and avoid an appearance of prosecutorial impropriety."

It thus appears that a majority of the Court has now adopted the rationale of Justice LEVIN in his dissenting opinion in *People v Hendrick,* 398 Mich 410, 423; 247 NW2d 840 (1976):

"While the habitual offender provisions of the Code of Criminal Procedure do not create a separate offense, providing rather for enhanced punishment for the current offense, fairness requires notice to the offender that he may face enhanced punishment where the prosecutor is aware, in advance of the trial on the current offense, of the offender's prior record."

It would, therefore, seem that the primary purpose of the rule is to provide notice and lessen the appearance of prosecutorial impropriety through lack of notice of an intent to file a supplemental information.

The second and third factors can be considered together, since the extent of reliance on the old rule often determines the effect upon the administration of justice. *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971).

Prior to *Fountain,* it was not error for the prosecutor to file a supplemental information subsequent to a conviction on the underlying offense, unless the delay substantially prejudiced the defendant. *People v Marshall,* 41 Mich App 66; 199 NW2d 521 (1972). The timing of the filing of supplemental charges depended upon the particular circumstances of each case.

Where the accused's rights were not prejudiced, the habitual offender charges were generally not filed until after the conviction on the substantive offense. Since the prior rule was heavily relied on

by the prosecutors of this state, applying the rule retroactively would have a substantial effect upon the administration of justice. This accords with the concurring opinion of Chief Justice COLEMAN that the result in *Fountain* is based on the Court's supervisory powers over the practices and procedures used in the courts of this state. *Fountain, supra,* 99-100.

It is beyond question that the *Fountain* rule must be adhered to after its release. However, we hold that it will be retroactively applied only where a defendant has not received notice that a supplemental information would be filed and that lack of such notice works to the prejudice of the defendant.

Applying that ruling to the case at bar, it is clear that the defendant received ample notification of the prosecutor's intent to file a supplemental information. In fact, it framed a part of the plea bargain in which all parties participated. The defendant was not prejudiced by the filing of the supplemental information after the plea to the underlying charge.

Affirmed.