PEOPLE v DORAN

Docket No. 44186. Submitted June 6, 1980, at Lansing.—Decided October 22, 1980.

Defendant, Michael T. Doran, was convicted in Washtenaw Circuit Court of breaking and entering an occupied dwelling with intent to commit a felony, Patrick J. Conlin, J. The prosecutor, aware that the defendant had been convicted of five prior felonies, informed the trial court and defense counsel at the pretrial conference that he intended to file a supplemental information charging the defendant as an habitual offender. The prosecutor, however, waited until the date set for sentencing the defendant on the breaking and entering conviction to file the supplemental information. Pursuant to a plea and sentence bargain, the defendant pled guilty to the habitual offender charge. The trial court vacated its sentence on the breaking and entering charge and sentenced the defendant to an identical term on the habitual offender conviction. Defendant appeals, contending that there was insufficient evidence to sustain a conviction on the breaking and entering charge and that the habitual offender sentence must be vacated because the prosecutor failed to comply with the rule that a supplemental information must be filed with the information charging the principal offense. *Held:*

1. There was sufficient testimony adduced at trial to give rise to a compelling inference that the defendant had to exert force sufficient to support the breaking element of the offense in order to gain entry into the dwelling. Defendant's argument is not supported by evidence of such a compelling nature as to mandate a reasonable doubt in the mind of the trier of fact and the circumstantial inference is to the contrary. The prosecution presented sufficient evidence to support the defendant's conviction beyond a reasonable doubt.

2. The rule that a supplemental information must be filed with the information charging the principal offense was re-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 30 Am Jur 2d, Evidence § 1125.
[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.

cently enunciated in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). The proceedings in the present case occurred prior to the *Fountain* decision. Although authority existing prior to *Fountain* cautioned against the practice of post-conviction supplementation, such action was not alone sufficient ground to vacate the habitual offender sentence. The *Fountain* rule should not be given even limited retroactive effect to cases pending on appeal on the date of the decision.

Affirmed.

1. EVIDENCE — CIRCUMSTANTIAL EVIDENCE — COMPELLING INFERENCES — GUILTY VERDICTS.

   A sufficient basis for a guilty verdict in a criminal prosecution exists where inferences drawn from circumstantial evidence are so compelling that the trier of fact has no reasonable doubt of the defendant's guilt.

2. CRIMINAL LAW — EVIDENCE — CIRCUMSTANTIAL EVIDENCE — SUFFICIENCY OF EVIDENCE.

   A guilty verdict does not have to be set aside due to failure of the prosecution to specifically disprove an innocent hypothesis advanced by a defendant in a criminal case based on circumstantial evidence as long as the evidence persuaded the trier of fact of the defendant's guilt beyond a reasonable doubt.

3. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFORMATION.

   The rule that a supplemental information charging a defendant with being an habitual offender must be filed with the information charging the principal offense does not apply to cases decided prior to August 28, 1979, even if those cases were pending on appeal on that date.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John W. Stanowski,* Assistant Prosecuting Attorney, for the people.

*Edward J. Schwartz,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and G. R. CORSIGLIA,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

M. J. Kelly, J. Following a bench trial, defendant was convicted of breaking and entering an occupied dwelling with intent to commit a larceny contrary to MCL 750.110; MSA 28.305. On January 11, 1979, defendant was sentenced to a term of 9 to 15 years imprisonment. On the date set for sentencing, the prosecution filed a supplemental information charging that defendant had been convicted of five prior felonies, MCL 769.12; MSA 28.1084. On January 18, 1979, pursuant to a plea and sentence bargain, defendant pled guilty to the habitual offender charge. The trial court vacated its original sentence and ordered defendant imprisoned for 9 to 15 years on the recidivist conviction. Defendant appeals as of right.

Addressing the issues raised by defendant in reverse order, we first consider whether there was sufficient evidence to sustain defendant's conviction of the charged offense. It is defendant's position that, absent any proof of a breaking, the greatest offense properly chargeable was possession of stolen property. Our review of the record convinces us that the prosecution presented sufficient evidence to support defendant's conviction beyond a reasonable doubt.

Chris Thompson, a resident of the victimized fraternity house, testified that when he and a friend arrived at the house at 12:45 a.m., he noticed nothing unusual. Upon departure, approximately 45 minutes later (1:30 a.m.), he observed that both the front door and the side entrance french doors were open. Mr. Thompson closed the front door, left the house and returned at 1:45 a.m. at which time he closed the french doors.

Jane Schaeffer and Melanie Bennett testified that four sorority sisters, themselves included, gained entry to the house for the purpose of steal-

ing the fraternity composite picture. They found the front door locked and the french doors closed, but were able to gain entrance by pushing them open. Betsy Greenway testified that after the picture was removed she closed the french doors to the point that they were "barely touching" and that she could not recall any wind of sufficient force to blow them open. Their arrival and departure occurred some time between 1:10 a.m. and 1:25 a.m.

A police surveillance team observed defendant in the parking lot behind the Lambda Chi House at approximately 1:25 a.m. and he was thereafter seen placing certain objects, later identified as a television and stereo, in his car. When police stopped the vehicle shortly thereafter, the stolen items were discovered in the back seat.

Thus, the evidence supports the conclusion that when defendant approached the house the front door was locked and the french doors closed to such a degree that some force upon the doors, sufficient to support the breaking element of the offense, was necessary to gain entry. See *People v Hill,* 36 Mich App 679; 193 NW2d 909 (1971), and *People v White,* 153 Mich 617; 117 NW 161 (1908).

The substantive question remaining then, is whether the prosecution was required to negate every reasonable hypothesis consistent with defendant's innocence since the evidence presented as to invading the house was entirely circumstantial. There is currently a split of authority on this issue. Compare *People v Edgar,* 75 Mich App 467, 469-474; 255 NW2d 648 (1977), and *People v Davenport,* 39 Mich App 252, 255-258; 197 NW2d 521 (1972). The most recent analysis, found in *People v Williams,* 94 Mich App 406; 288 NW2d 638 (1979), synthesizes the superficially contradictory views

and the result that emerges represents a logical, reasonable standard:

"If inferences drawn from circumstantial evidence are so compelling that the trier of fact has no reasonable doubt of defendant's guilt, that should be sufficient basis for a guilty verdict. If circumstantial evidence does not give rise to inferences of such a compelling nature as to overcome the reasonable doubt standard, then a guilty verdict could not be justified, not because the evidence was circumstantial or because of basing inferences on inferences, but rather, because of the prosecution's failure to meet its burden of proof. If so, it would seem to follow that if the evidence persuaded the trier of fact of a defendant's guilt beyond a reasonable doubt the prosecution's failure to specifically disprove an innocent hypothesis advanced by defendant would not result in the setting aside of a guilty verdict. It should be recognized that there can be hypotheses of innocence advanced by defendants that would be impossible to disprove by either direct or circumstantial evidence. To require the prosecution to do the impossible would be neither sound logic nor good law. It would appear that in order for a hypothesis of innocence to negate an otherwise supported finding of guilt the hypothesis must be of such a compelling nature that it creates a reasonable doubt on the part of the fact trier." 94 Mich App at 416-417.

The evidence presented in the instant case gives rise to the compelling inference that at the time of defendant's arrival the house was not freely accessible and that defendant was minimally required to push open the french doors in order to enter. Defendant's argument that the doors may well have been open is not supported by evidence of such a compelling nature as to mandate a reasonable doubt in the mind of the trier of fact. The circumstantial inference is to the contrary.

The remaining issue raised by defendant is

whether the habitual offender sentence must be vacated for the prosecution's failure to comply with the recently enunciated rule of *People v Fountain* and *People v Jones,* 407 Mich 96; 282 NW2d 168 (1979), that the supplemental information be filed with the information charging the principal offense. The supplemental information against the defendant herein was filed after his conviction on the principal offense although the prosecutor was cognizant of his prior felonies in advance of trial. The prosecutor did, however, inform the court and defense counsel of his intention at pretrial conference.

Although authority existing prior to *Fountain* cautioned against the practice of supplementation following conviction, such conduct alone was not previously sufficient ground for vacation of the habitual offender sentence. *People v Mohead,* 98 Mich App 612; 295 NW2d 910 (1980). Since proceedings in the present case occurred several months prior to the date the *Fountain* opinion was issued, the question is one of retroactive application. For the sound reasons expressed in *Mohead, supra,* we decline to give *Fountain* even limited retroactive effect. Accord, *People v Holmes,* 98 Mich App 369; 295 NW2d 887 (1980).

For other cases giving different treatment to the question of *Fountain* retroactivity see *People v Reese,* 97 Mich App 785; 296 NW2d 172 (1980), and *People v Stein,* 99 Mich App 781; 298 NW2d 638 (1980), in which this Court found the rule of *Fountain* applicable to cases pending on appeal on the date of the Supreme Court's decision. See also *People v Taylor,* 99 Mich App 613; 299 NW2d 9 (1980), where it was determined that *Fountain* should receive retroactive application only "where

a defendant has not received notice that a supplemental information would be filed" and the failure to so notify works a prejudice on the defendant.

Affirmed.