PEOPLE v WALLACE

Docket No. 43885. Submitted April 3, 1980, at Lansing.—Decided December 15, 1980.

George A. Wallace was convicted of breaking and entering with intent to commit a larceny following a jury trial in Washtenaw Circuit Court, Henry D. Arkison, J. Despite a request by defendant prior to trial that the original notes of the officer who interrogated the defendant be produced, those notes were not available at trial for the purpose of defense counsel's cross-examination of the officer relative to the defendant's oral confession. Following the jury's guilty verdict on the breaking and entering charge, the prosecution filed a supplemental information charging defendant as a habitual offender. Defendant was thereafter convicted of being a habitual offender, following a jury trial, Patrick J. Conlin, J., presiding. Defendant appeals, arguing that his right to due process was violated by the failure of the prosecution to preserve and produce the police officer's original notes and that the filing of the supplemental information charging him as a habitual offender after his conviction on the underlying charge mandates reversal of the habitual offender conviction. *Held:*

1. The police officer's notes were clearly material evidence. It may be presumed that those unavailable notes would have been beneficial to the accused, since they might have been of assis-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3] 21 Am Jur 2d, Criminal Law § 225.
  Withholding or suppression of evidence by prosecution in criminal case as vitiating conviction. 34 ALR3d 16.
[2, 3] 29 Am Jur 2d, Evidence § 452 *et seq.*
[4] 29 Am Jur 2d, Evidence § 460 *et seq.*
[5] 29 Am Jur 2d, Evidence § 454.
[6] 5 Am Jur 2d, Appeal and Error § 974.
  29 Am Jur 2d, Evidence § 459 *et seq.*
[7, 8] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 19, 20.
[9] 5 Am Jur 2d, Appeal and Error § 786.
[10] 20 Am Jur 2d, Courts § 85.

tance to defense counsel in his cross-examination of the police officer.

2. While the loss of evidence favorable to a defendant does not mandate reversal absent intentional suppression or bad faith by the prosecution, the prosecution does have a duty to preserve relevant evidence. The burden is upon the prosecution to explain the nonproduction of such evidence. Where bad faith by the prosecution is shown relative to the failure to preserve evidence favorable to an accused, all prosecutorial evidence touching upon the unavailable evidence should be suppressed at trial, and reversal on appeal is mandated where such prosecutorial evidence is not suppressed at trial.

3. In the instant case, it is impossible for the Court of Appeals to determine from the record on appeal whether the prosecution undertook adequate efforts to preserve the evidence. The matter, accordingly, is remanded to the trial court for a hearing at which the trial court shall determine whether there has been bad faith or intentional destruction of the nonproduced evidence. The prosecution shall have the opportunity to explain the nonproduction of this evidence. The Court of Appeals retains jurisdiction.

4. Reversal of the habitual offender conviction is mandated by reason of the fact that the defendant was not charged as a habitual offender until after his conviction on the underlying charge. The enhanced sentence is vacated and the original sentence imposed with respect to the underlying felony is reinstated.

BASHARA, P.J., concurred with the reasoning and result reached by Judge FREEMAN in his opinion, except he would hold that the Supreme Court's recent holding that habitual offender charges must be filed with the information charging the last underlying felony should only be retroactively applied where the defendant has received no notice that a supplemental charge would be filed and that lack of notice worked to the prejudice of the defendant. He would hold that the defendant did not receive the necessary notice of the supplemental charge prior to his conviction on the primary charge and was prejudiced by the lack of such notice. Accordingly, he would hold that retroactive application of the Supreme Court's rule is proper and would vacate the habitual offender conviction.

Reversed in part and remanded with instructions.

M. J. KELLY, J., dissented. He would hold that any error resulting from the failure of the police officer to preserve the original notes was harmless error. He would further hold that the Supreme Court's recent holding that habitual offender charges must be filed with the information charging the last

underlying felony should be given prospective application. He would affirm.

OPINION OF D. R. FREEMAN, J.

1. CRIMINAL LAW — EVIDENCE — EVIDENCE FAVORABLE TO ACCUSED — SUPPRESSION OF EVIDENCE — GOOD FAITH.

Suppression by the prosecution of evidence favorable to an accused violates the right to due process, irrespective of the good or bad faith of the prosecution, where the evidence is material either to guilt or punishment and a request is made by the defendant for it.

2. CRIMINAL LAW — EVIDENCE — MATERIAL EVIDENCE — POLICE OFFICER'S NOTES.

A police officer's notes taken during interrogation of an accused are material evidence within the meaning of the test of whether there has been prosecutorial suppression of evidence favorable to the accused.

3. CRIMINAL LAW — EVIDENCE — EVIDENCE FAVORABLE TO ACCUSED — POLICE OFFICER'S NOTES.

A police officer's notes taken during the interrogation of an accused which are thereafter lost and unavailable to the defendant are presumed to be beneficial to the accused, since they might have been of assistance to defense counsel in cross-examining the police officer.

4. CRIMINAL LAW — EVIDENCE — EVIDENCE FAVORABLE TO ACCUSED — LOSS OF EVIDENCE — BAD FAITH — PRESERVATION OF EVIDENCE.

The loss by the prosecution of evidence favorable to an accused prior to a request for such information by the accused does not mandate reversal absent intentional suppression or bad faith by the prosecution; however, the prosecution has the duty to preserve relevant evidence and the burden to explain the nonproduction of such evidence.

5. CRIMINAL LAW — EVIDENCE — EVIDENCE FAVORABLE TO ACCUSED — PRESERVATION OF EVIDENCE — BAD FAITH.

A showing of bad faith by the prosecution relative to the preservation of evidence favorable to an accused mandates suppression of all prosecutorial evidence which touches upon those areas for which the lost evidence favorable to the accused could have been used for the purpose of cross-examination; where bad faith on the part of the prosecution has been shown and suppression of prosecutorial evidence is mandated but such

evidence is not suppressed, reversal of the defendant's conviction is similarly mandated.

6. CRIMINAL LAW — EVIDENCE — EVIDENCE FAVORABLE TO ACCUSED — PRESERVATION OF EVIDENCE — BAD FAITH — APPEAL.

A remand to the trial court for a determination of whether there was bad faith on the part of the prosecution relative to the failure to preserve evidence favorable to the accused is mandated where the record on appeal fails to provide a basis upon which the Court of Appeals can determine whether the prosecution undertook adequate efforts to preserve such evidence.

7. CRIMINAL LAW — HABITUAL OFFENDERS — FILING OF CHARGES.

*Reversal of a habitual offender conviction is mandated where a defendant is not charged as a habitual offender until after his conviction on the underlying charge.*

CONCURRENCE BY BASHARA, P.J.

8. CRIMINAL LAW — HABITUAL OFFENDERS — FILING OF CHARGES — RETROACTIVE APPLICATION — NOTICE — PREJUDICE.

*The Michigan Supreme Court's new holding that habitual offender charges must be filed with the information charging the last underlying felony should only be retroactively applied where the defendant has received no notice that a supplemental charge would be filed and that lack of notice worked to the prejudice of the defendant.*

DISSENT BY M. J. KELLY, J.

9. CRIMINAL LAW — EVIDENCE — POLICE OFFICER'S NOTES — PRESERVATION OF EVIDENCE — HARMLESS ERROR.

*The failure of a police officer to preserve his original notes of an interrogation of an accused so that such notes would be available to defense counsel at trial is harmless error beyond a reasonable doubt where the evidence against the defendant, even without the defendant's confession, was so overwhelming that the failure to preserve the original notes was inconsequential.*

10. CRIMINAL LAW — HABITUAL OFFENDERS — FILING OF CHARGES — PROSPECTIVE APPLICATION.

*The Michigan Supreme Court's new holding that habitual offender charges must be filed with the information charging the last underlying felony should be given prospective application.*

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Albert B. Blixt, Jr.,* Assistant Prosecuting Attorney, for the people.

*Steven M. Jentzen,* for defendant on appeal.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

D. R. FREEMAN, J. Defendant, George A. Wallace, was charged with breaking and entering with intent to commit larceny, contrary to MCL 750.110; MSA 28.305, and was convicted by a jury on that charge on August 18, 1978. He was sentenced to serve six years eight months to ten years on that charge. After the jury was excused, the prosecution filed a supplemental information charging the defendant as a habitual offender. On November 9, 1978, the defendant was convicted of being a habitual offender, contrary to MCL 769.12; MSA 28.1084. His prior sentence was vacated and he was sentenced to serve 15 to 30 years imprisonment and appeals as of right.

The defendant first contends that his due process rights were violated because a police officer's original notes of a confession made shortly after the defendant's arrest were not available at trial. In *People v Torrez,* 90 Mich App 120; 282 NW2d 252 (1979), this Court quoted the suppression of evidence rule embodied in *Brady v Maryland,* 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963), holding that suppression by the prosecution of evidence favorable to an accused after a request for the information has been made by the defendant violates due process where the evidence is material either to guilt or punishment, irrespective of the good or bad faith of the prosecution.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

We are persuaded that the police officer's notes of the interrogation constitute material evidence in this case. *People v Eddington,* 53 Mich App 200; 218 NW2d 831 (1974). See also *United States v Agurs,* 427 US 97, 107; 96 S Ct 2392; 49 L Ed 2d 342 (1976), where the Supreme Court found materiality established by a mere "substantial basis for claiming materiality". The question as to whether the evidence was favorable to the defendant is not so easily answered, however, because it appears that the notes were either lost or destroyed and thus are not available for review by this Court.

In *People v Anderson,* 42 Mich App 10; 201 NW2d 299 (1972), this Court found the prosecution's failure to remit certain photographs used in a photographic show-up to be conclusive evidence of defense counsel's inability to properly cross-examine prosecution witnesses. Because the unavailability of the notes herein possibly inhibited defense counsel's ability to cross-examine the interrogating officer, such evidence will be viewed as beneficial to defendant.

Because the disputed notes were requested by the defendant prior to trial, the only remaining factor to be considered is whether the government can be held to have suppressed the evidence. At trial, the following colloquy occurred between defense counsel and the police officer who interrogated the defendant.

"Q Who was present in the room when you were talking with Mr. Wallace?

"A Myself and Mr. Wallace.

"Q There was not a stenographer there?

"A No, there was not. We do not employ a stenographer.

"Q There was no one else there taking notes?

"A I was taking notes.

"Q You were taking notes. Do you have those original notes, sir?

"A No, I don't. I thought I did.

"Q You destroyed them?

"A I don't know."

Generally, absent intentional suppression or bad faith, the loss of evidence which occurs before a defense request for it does not mandate reversal. Still, the government has the duty to preserve relevant evidence and the burden to explain non-production thereof. *People v Eddington, supra.* Where there was no effort made to preserve the evidence initially, this Court has remanded the matter to the trial court for a determination of the quality of the prosecutor's conduct and the nature of the lost evidence. *People v Anderson, supra.* However, once bad faith on the part of the prosecution is shown, suppression is required. *People v Albert,* 89 Mich App 350; 280 NW2d 523 (1979).

In this case, no intentional suppression or bad faith on the part of the prosecution has been demonstrated. At most, it appears that there was a negligent failure to preserve the officer's notes. If the formal police report submitted to defense counsel was not materially different from the original rough notes, there would be no violation of the *Brady* standard. *United States v McCallie,* 554 F2d 770, 773 (CA 6, 1977), *United States v Lane,* 479 F2d 1134 (CA 6, 1973). The record, however, does not disclose how comprehensive and inclusive the report is or the extent to which the two documents correspond. As a result, the fact that a police report was filed does not eliminate the *Brady* due process issue.

The record does not indicate the extent of the efforts that the prosecution undertook to preserve the evidence in question. The duty of disclosure

required in *Brady* operates as a duty to preserve prior to a request for discovery. *United States v Bryant,* 142 US App DC 132; 439 F2d 642 (1971), *People v Eddington, supra.* As a result, because there has been no explanation of the failure of the prosecution to preserve the officer's notes of the confession, *Brady* requires a remand to determine what efforts the police and prosecution made in initially preserving the evidence. Should prosecutorial bad faith be shown to have been present prior to the defendant's discovery request, reversal of the defendant's conviction is appropriate. *People v Albert, supra,* quoting *People v Amison,* 70 Mich App 70; 245 NW2d 405 (1976).

The defendant next alleges that reversible error resulted from the inclusion of two convictions, later reversed, in the information charging him as an habitual offender. Our review of the record indicates that, in fact, the information charging the defendant as a fourth offender did not mention these two convictions. Rather, the charge brought against the defendant was based upon other prior offenses. Thus, the defendant's allegation of error is without merit.

Finally, the defendant, in a motion for peremptory reversal, asserts that his habitual offender conviction violates the standards set out in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), in that he was not charged as a habitual offender until after his conviction on the underlying charge. We agree. Accordingly, defendant's habitual offender conviction is reversed and his enhanced sentence vacated. The original sentence for the underlying felony is hereby reinstated.

The cause is remanded for an evidentiary hearing. If the prosecutor is able to adequately explain the nonproduction of the interrogating officer's

notes, then the breaking and entering conviction should be affirmed. If the prosecutor is unable to explain the nonproduction, or if bad faith or intentional destruction is demonstrated, a new trial should be ordered with all evidence of the interrogation suppressed. *People v Albert, supra.* We retain jurisdiction.

BASHARA, P.J. *(concurring).* I concur with the result reached by Judge FREEMAN. My separate concurrence is for the sole purpose of articulating my position as to the retroactivity of *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979).

In *People v Taylor,* 99 Mich App 613; 299 NW2d 9 (1980), I joined in stating that the *Fountain* rule should be retroactively applied only where a defendant has not received notice that a supplemental information would be filed and that lack of notice works to the prejudice of the defendant.

In the instant case, the supplemental information was not filed until the trial on the underlying charge had been concluded and the jurors excused. The defendant had not received notice of the supplemental information until after being convicted of the primary offense. Defendant received a sentence on the habitual offender charge of 15 to 30 years, rather than the sentence of six years, eight months to ten years on the underlying charge. This fact indicates that he may have been prejudiced by not knowing of the supplemental information prior to trial.

In view of the foregoing and the specific facts of this case, I believe that *People v Fountain, supra,* should be retroactively applied. In all other respects, I concur in the reasoning and result reached by Judge FREEMAN.

M. J. KELLY, J. *(dissenting).* I do not believe that

the facts of this case warrant a remand. This defendant was caught in the act of burglarizing a market in Ann Arbor after a silent burglar alarm brought police to the premises. There is simply no reasonable possibility for any fact finder to vindicate the defendant or believe his testimony. I presume that the police officer did not require a signed statement from the defendant because he had an ironclad case without the defendant's confession. I cannot see that the failure of the officer to preserve his original notes was anything but inconsequential, and any error was harmless beyond a reasonable doubt.

I think further that the majority's position on the retroactivity of *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), is erroneous, and I have opted for prospective application as to the supplemental information requirements imposed by the Michigan Supreme Court in *Fountain.* See *People v Doran,* 100 Mich App 795; 300 NW2d 415 (1980). See also *People v Stankiewicz,* 101 Mich App 476; 300 NW2d 611 (1980).

At the time of his arrest in this case the defendant had been convicted of six prior felonies. According to the people's brief, the defendant was told at the time of his preliminary examination in district court that he would be charged as an habitual offender regardless of whether he pled guilty or went to trial on this breaking and entering charge. The people also allege that at the pretrial on August 3, 1978, where counsel for the defendant was present, the trial court and counsel for defendant were again informed of the prosecutor's intention to charge the defendant as an habitual offender. In any event, the defendant was convicted as an habitual offender a year before *People v Fountain, supra.*

I would affirm in all respects.