PEOPLE v WILSON

Docket No. 44576. Submitted April 2, 1980, at Lansing.—Decided January 6, 1981. Leave to appeal denied, 410 Mich 919.

Ronald D. Wilson was convicted in Detroit Recorder's Court, Donald L. Hobson, J., of receiving or concealing stolen property with a value over $100. A supplemental information charging defendant as a fourth offender was filed 18 days later. Defendant pled guilty to the fourth offender charge and was subsequently sentenced to concurrent terms of 3 to 7 years imprisonment for the habitual offender conviction and 2 to 5 years for the underlying felony. The prior convictions against defendant had all been obtained in Recorder's Court also. On appeal, defendant contends that the filing of the postconviction information charging him as an habitual offender violated the rule that a prosecutor with knowledge of a defendant's prior felony record must proceed promptly, if at all, against such person as an habitual offender and that the supplemental information charging a defendant as an habitual offender must be filed with the information charging the last felony in order to provide fair notice to the accused and to avoid an appearance of prosecutorial impropriety. This rule was announced by the Supreme Court in *People v Fountain*, 407 Mich 96; 282 NW2d 168 (1979), and the issue in the present case is whether this rule should be given retroactive application. *Held:*

A prosecutor is presumed to have knowledge of a defendant's prior felony record where the convictions occurred in the prosecutor's county. The purpose of the *Fountain* rule is to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety. This presumption of prosecutorial knowledge, and the reasoning behind it, is applicable to cases of postconviction filings of habitual offender charges which oc-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 6] 20 Am Jur 2d, Courts §§ 85, 86.

　39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 17 et seq.

[3] 20 Am Jur 2d, Courts § 86.

[4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19.

[5] 20 Am Jur 2d, Courts § 85.

curred prior to the decision in *Fountain* and should be retroactively applied.

BASHARA, P.J., concurred in the result but wrote separately to express his position that the *Fountain* rule should be retroactively applied only where, as here, a defendant has not received notice that a supplemental information would be filed until after he has been convicted on the underlying felony and that lack of notice works to the prejudice of the defendant.

Defendant's habitual offender sentence is vacated and the case is remanded for sentencing on the underlying conviction.

M. J. KELLY, J., dissented. He would hold that where, as here, a new rule does not affect the determination of guilt or innocence, a retrospective application is not necessary and that retroactive application would benefit defendants unable to demonstrate actual prejudice and would prejudice prosecutors for failing to meet a previously nonexistent standard. He would affirm.

OPINION BY D. R. FREEMAN, J.

1. CRIMINAL LAW — HABITUAL OFFENDERS — POSTCONVICTION FILING — PRESUMPTION OF KNOWLEDGE.

A prosecutor is presumed to know of a defendant's prior felony record where the prosecutor's office prosecuted the defendant for the prior felonies; this presumption of knowledge may be retroactively applied to cases in which postconviction filing of a supplemental information charging the defendant as an habitual offender occurred prior to the Supreme Court's decision in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), wherein the Court announced the rule that a prosecutor with knowledge of a defendant's prior felony record must proceed promptly, if at all, against the defendant and that the supplemental information charging a defendant as an habitual offender must be filed with the information charging the last felony in order to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety; the rule should not be restricted only to prospective application and to cases pending on appeal on the date of the *Fountain* decision but should also apply retroactively to all cases in which a recidivist charge was filed after conviction for the principal offense.

CONCURRENCE BY BASHARA, P.J.

2. CRIMINAL LAW — HABITUAL OFFENDERS — POSTCONVICTION FILING — LIMITED RETROACTIVE APPLICATION.

*The rule that a supplemental information charging a defendant*

as an habitual offender must be filed with the information charging the last felony should be retroactively applied to cases where postconviction filing occurred prior to August 28, 1979, only where the defendant has not received notice that a supplemental information would be filed and that lack of notice works to the prejudice of the defendant.

DISSENT BY M. J. KELLY, J.

3. COURTS — DECISIONS — RETROACTIVELY APPLIED LAW — PROSPECTIVELY APPLIED LAW.

A three-factor test is applied to measure the necessity of retroactive application of a new rule of law: (1) the purpose to be served by the new rule, (2) the degree to which law enforcement agencies relied upon the former rule or standard, and (3) the effect of retroactive application of the new rule on the administration of justice; the purpose to be served by the new rule has been accorded paramount status, with the remaining factors given controlling significance where the purpose of the rule in question does not clearly favor either retroactivity or prospectivity.

4. CRIMINAL LAW — HABITUAL OFFENDERS — SIMULTANEOUS FILING OF CHARGES — PURPOSE OF RULE.

The purpose of the rule that a supplemental information charging a defendant as an habitual offender must be filed with the information charging the last felony is to provide fair notice to the accused and to avoid an appearance of prosecutorial impropriety.

5. CRIMINAL LAW — COURTS — DECISIONS — NEW RULES OF LAW — RETROACTIVE APPLICATION.

Retroactive application of a new rule of law is not mandated where the new rule does not affect the determination of guilt or innocence.

6. CRIMINAL LAW — HABITUAL OFFENDERS — SIMULTANEOUS FILING OF CHARGES — RETROACTIVE APPLICATION.

The rule that a supplemental information charging a defendant as an habitual offender must be filed with the information charging the last felony should not be given retroactive application because to do so would benefit defendants unable to demonstrate actual prejudice and penalize prosecutors for failing to meet a previously nonexistent standard.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Cornelius Pitts,* for defendant on appeal.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

D. R. FREEMAN, J. Defendant appeals from his plea-based conviction as a fourth offender, MCL 769.12; MSA 28.1084. The information charging the defendant as an habitual offender was filed December 18, 1978, subsequent to his December 1, 1978, conviction for receiving or concealing stolen property with a value over $100. MCL 750.535(1); MSA 28.803(1). The trial court later sentenced the defendant to concurrent terms of imprisonment of 3 to 7 years as an habitual offender and 2 to 5 years for the underlying felony.

The defendant contends that the postconviction information charging him as an habitual offender violated the rule later announced by the Supreme Court in *People v Fountain,* 407 Mich 96, 98; 282 NW2d 168 (1979), requiring a prosecutor with knowledge of a defendant's prior felony record to "promptly proceed" against such person. Examination of the supplemental information filed against the defendant indicates that each of the prior felony convictions was obtained in the Recorder's Court. Thus, if applied retroactively to the instant case, *Fountain's* presumption of prosecutorial knowledge of prior convictions in the same court would apply to make invalid the defendant's habitual offender conviction.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Three factors for determining the retroactive application of a new rule of law were described in *People v Hampton,* 384 Mich 669, 674; 187 NW2d 404 (1971). These factors included: (1) the purpose of the new rule; (2) general reliance on the prior rule; and (3) the effect of retroactive application on the administration of justice. See also *People v Kamin,* 405 Mich 482; 275 NW2d 777 (1979).

Analysis of the *Fountain* opinion discloses two rules of law, the first previously settled upon and the second without prior recognition. The rule that a prosecutor with knowledge of a defendant's prior conviction must proceed against a multiple offender "promptly" was noted in *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970), adopting the rationale of then Judge LEVIN in *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). However, the rule that the defendant's recidivist charges should have been filed "with the information which charged the last felony", based upon a presumption of prosecutorial knowledge of prior offenses, is without foundation in prior statutes or case law.

Applying the *Hampton* factors, it is first apparent that the intent behind the simultaneous filing rule was to protect defendants against unbridled prosecutorial discretion to file habitual offender charges and to avoid unfair surprise to a defendant. Further, while prosecutors may not have endeavored to file recidivist charges simultaneously in past cases, it is equally true that postconviction filings were not the general practice. Finally, where postconviction filings were not generally sought, the administration of justice will not be adversely affected by some retroactive application of its dictates.

A recent decision of this Court specifically ad-

dressed the retroactive effect of the *Fountain* presumption. In *People v Reese,* 97 Mich App 785; 296 NW2d 172 (1980), the Court balanced the factors bearing on retroactivity in a case where the habitual offender charge was filed after conviction for the principal offense. The *Reese* Court concluded:

"After balancing these considerations we believe that the rule of *Fountain* should be applied to future cases and to all cases which were pending on appeal at the date of the *Fountain* decision. The present case should therefore be judged by the requirements of *Fountain* in the interest of the administration of justice." *Id.,* 788.

To the *Reese* holding we would add an additional class of cases. To avoid the appearance of impropriety, the *Fountain* presumption of prosecutorial knowledge should extend to cases like the present, in which a recidivist charge is filed after conviction for the principal offense. Further, application of the presumption to cases of postconviction filings should not be restricted to any future case or cases pending on appeal on the day *Fountain* was decided. In balancing the *Hampton* considerations, we find that for pre-*Fountain* cases of postconviction filing, it is important to discourage improper prosecutor conduct. We hold the *Fountain* presumption of prosecutorial knowledge to be applicable to cases of postconviction filings decided prior to *Fountain.*

The conclusion is also supported by the *Fountain* language itself. The Supreme Court held:

"Here the prosecutors must be presumed to have known of the defendants' prior felony records because their respective offices prosecuted the prior felonies. The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appear-

ance of prosecutorial impropriety." *People v Fountain, supra,* 99.

From this discussion, the Supreme Court's intent that the rule have retroactive application is made apparent. Had the Court desired prospective application of its new rule, it would have exempted the case before it since the prosecutors in *Fountain* had no more notice of the rule than the prosecutor in the present case. For the Supreme Court to intend retroactive effect only to the cases before it would create an artificial distinction not warranted by the interest in effective administration of justice.

The defendant herein pled guilty to the supplemental information charging him as an habitual offender, based upon four prior convictions obtained in Recorder's Court. Applying retroactively the *Fountain* presumption, the prosecutor is presumed to have known of the prior felonies at the time the information charging defendant with receiving and concealing stolen property was filed. Thus, the prosecutor should have charged the defendant as an habitual offender prior to his conviction for the principal offense. In the absence of such appropriately filed recidivist charges, we vacate the defendant's habitual offender sentence and remand the case for sentencing on the underlying conviction.

BASHARA, P.J. *(concurring).* I concur with the result reached by Judge FREEMAN. My separate concurrence is for the sole purpose of articulating my position as to the retroactivity of *People v Fountain, supra.*

In *People v Taylor,* 99 Mich App 613; 299 NW2d 9 (1980), I joined in stating that the *Fountain* rule should be retroactively applied only where a defen-

dant has not received notice that a supplemental information would be filed and that lack of notice works to the prejudice of the defendant.

In the instant case, the defendant was convicted of the underlying offense on December 1, 1978. The habitual offender information was not filed until December 18, 1978. Obviously, the defendant received no notice that the habitual offender information would be filed until after his conviction of the underlying charge. The additional term of imprisonment clearly worked to the prejudice of the defendant.

In view of the foregoing and the specific facts of this case, I hold that *People v Fountain, supra,* should be retroactively applied.

M. J. KELLY, J. *(dissenting).* I dissent from the majority's conclusion giving limited retroactive effect to the *Fountain* decision. As noted by the majority, Michigan and U. S. Courts have traditionally applied a three-factor test to measure the necessity of retroactive application: (1) the purpose to be served by the new rule, (2) the degree to which law enforcement agencies relied upon the former rule or standard, and (3) the effect of retroactive application on the administration of justice. *People v Hampton,* 384 Mich 669, 677; 187 NW2d 404 (1971), *Hankerson v North Carolina,* 432 US 233; 97 S Ct 2339; 53 L Ed 2d 306 (1977). The purpose to be served by the new rule has been accorded paramount status, *Desist v United States,* 394 US 244, 249; 89 S Ct 1030; 22 L Ed 2d 248 (1969), with the remaining factors to be given controlling significance where "the purpose of the rule in question [does] not clearly favor either retroactivity or prospectivity". *Desist v United States, supra,* 251, *Michigan v Payne,* 412 US 47; 93 S Ct 1966; 36 L Ed 2d 736 (1973).

The purpose of the new rule announced in *Fountain* is "to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety". *People v Fountain, supra,* 99. See also *People v Wilson,* 99 Mich App 348; 297 NW2d 660 (1980), and *People v Rice,* 101 Mich App 1; 300 NW2d 428 (1980). The Supreme Court has held that where a new rule does not affect the determination of guilt or innocence, a retrospective application is not mandated. *People v Hampton, supra,* 677, citing *Tehan v United States, ex rel Shott,* 382 US 406; 86 S Ct 459; 15 L Ed 2d 453 (1966). The *Fountain* rule should be particularly subject to this analysis. Time alone is its scope, fair notice of all charges to the accused; the rule does not affect the substantive determination of guilt or innocence as to the principal or supplemental charge. I think that retroactive effect is unwarranted.

Consideration of the second and third factors of the *Hampton* retroactivity test emphasize the need for a prospective-only purpose. As noted in *Hampton,* these elements may be considered together because the degree of prior law enforcement agency reliance will often determine the impact of retroactive application on the administration of justice. The discussion of these factors in *People v Wilson, supra,* is instructive:

"If retroactivity were ordered it would have a significant impact on the administration of justice. The enhanced sentences imposed upon many habitual criminals would have to be vacated. New sentence hearings, with the attendant problem of stale presentence information, would be required in some cases, while in others, sentences imposed after conviction of the principal offense would be reinstated resulting in disproportionately light penalties. A review would be required of all cases of habitual offenders sentenced prior to August 28, 1979, who could obtain an ingenious lawyer to

process a delayed appeal. The result would be a clogging of appellate pipelines with many technical claims and there would be released into society many of the very people the Legislature saw fit to longer detain." *Wilson, supra,* 352.

See also the similar conclusion regarding the potential adverse effect of retroactive application, in *People v Rice, supra,* and the probative analysis in *People v Stankiewicz,* 101 Mich App 476; 300 NW2d 611 (1980), finding that retroactive application would benefit defendants unable to demonstrate actual prejudice and penalize prosecutors for failing to meet a previously nonexistent standard. *Cf. People v Wallace,* 102 Mich App 386; 301 NW2d 540 (1980), and *People v Doran,* 100 Mich App 795; 300 NW2d 415 (1980).

I would affirm.